[No. 16439.   Department Two.   July 7, 1921.]

JOHN J. SNYDER et al., Respondents, v. E. O. MARKEN et al., Appellants.[1]

JUDGMENT (195-1)—CONCLUSIVENESS—COPARTIES—EFFECT.   Where two persons wholly unrelated in business, each driving his own car, become involved in a collision between the two cars which caused injury to a third person, suing both of them for damages, a judgment against such third person is not conclusive in a subsequent suit by one car owner against the other to recover damages for the latter's alleged negligence; the rule being that parties to a judgment are not bound by it in subsequent controversies between each other unless they were adversaries in the action wherein the judgment was entered.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 13, 1920, upon the verdict of a jury rendered in favor of the plaintiffs, upon sustaining a demurrer to defendants' affirmative defense, in an action for personal injuries sustained in an automobile collision.   Affirmed.

Hartman & Hartman, for appellants.

Flick & Paul, for respondents.

MITCHELL, J.—This action grows out of a collision of two automobiles, one belonged to the plaintiffs and the other to the defendants. At the time of the accident, Mr. and Mrs. Snyder had as fellow passengers in their

[1]Reported in 199 Pac. 302.

car Mr. and Mrs. James M. Woods. As a result of the accident, Mr. and Mrs. Woods were injured and so were Mr. Snyder and his car. Mr. and Mrs. Woods sued both the Snyders and E. O. Marken to recover damages for their injuries alleged to have been caused by the negligence of those defendants. In that action, there was a verdict and judgment in favor of all the defendants therein. Thereafter, the present action was commenced by Mr. and Mrs. Snyder to recover damages for Mr. Snyder's injuries in the same accident, which, they alleged, were caused by the negligence of the defendants Marken and wife.

The defendants, in their answer, in addition to general denials, interposed an affirmative defense showing the former suit of Mr. and Mrs. Woods and the result of it. They further alleged that in that suit the defendants therein appeared separately, and that Snyder and wife by their answer admitted that E. O. Marken was negligent and admitted that Woods and wife were injured in the accident. It is further alleged that, at the trial of that case, the undisputed evidence showed that Woods and wife were injured; and that the judgment in that case was a final determination that E. O. Marken was not negligent in connection with the accident, and that the plaintiffs herein are thereby estopped from now claiming that the defendants E. O. Marken and wife or either of them was guilty of any negligence whatever in the accident. A general demurrer to the affirmative defense was sustained. From a verdict and judgment for the plaintiffs, the defendants have appealed.

The question in the case is: Where two persons, wholly unrelated in business, each driving his own car, become involved in a collision between the two cars

which causes an injury to a third person, who unsuccessfully sues both car owners to recover damages for their alleged negligence, may one of the co-defendants in the former suit thereafter sue the other to recover damages alleged to have been caused by the latter's negligence on that same occasion?

Whatever may be the rule in equitable actions, where the constant practice is to decree between all the parties including co-defendants upon proper proofs and under pleadings which among other things bring the respective claims and rights of the co-defendants between themselves under judicial cognizance, or in actions at law involving constructive negligence and liability over, or actions at law upon contracts of indemnity or suretyship, we think the present case is controlled by the general rule that parties to a judgment are not bound by it in subsequent controversies between each other unless they were adversaries in the action wherein the judgment was entered. 15 R. C. L. p. 1013, § 487; 23 Cyc. 1279, § 11; Freeman, Judgments (4th ed.), § 158.

The object of the action by Mr. and Mrs. Woods was not to determine the rights of all the parties thereto, each as against all others, whether plaintiffs or defendants. It was to determine only their rights against those defendants. Neither of the defendants in that case was called upon in defending his position to do anything other than to meet the charge that he was guilty of negligence so far as Mr. and Mrs. Woods were concerned, unless perchance there was the defense of contributory negligence charged against Mr. and Mrs. Woods, or some other affirmative defense of which there is no advice in the affirmative defense interposed in the present case. It was unnecessary for either defendant in that case to show that the other

defendant was negligent—that was the burden the plaintiffs therein assumed. The defendants therein made no issue between themselves by their separate answers, nor did they attempt to do so. That these plaintiffs, in their separate answer in that case, admitted that Mr. and Mrs. Woods were injured in the accident was binding upon no one other than Mr. and Mrs. Snyder, and the admission, by these plaintiffs in that same answer, that E. O. Marken was negligent in connection with the accident was unimportant. It does not appear whether therein they specifically admitted the negligence of Mr. Marken or whether they did so by not denying that charge contained in the complaint of Mr. and Mrs. Woods. The legal effect would be the same, it was binding on no one. By that admission, Mr. and Mrs. Snyder presented no issue to Mr. Marken. They were not answering any pleadings of his nor were they interposing any pleadings under our code of practice which he could move against, demur or reply to, or join issue in any manner upon. They were not crossing swords with each other, they were each only defending himself against the charge of negligence made upon him by Mr. and Mrs. Woods. In such a case, the finding and judgment of the court that neither of the parties defendant was guilty of negligence as to those plaintiffs do not conclude and determine any of the mere relative rights of the defendants therein as between themselves. *Harvey v. Osborn,* 55 Ind. 535; *Keagy v. Wellington Nat. Bank,* 12 Okl. 33, 69 Pac. 811.

The case of *Boston & M. R. Co. v. Sargent,* reported first in 70 N. H. 299, 47 Atl. 605, and on the second appeal in 72 N. H. 455, 57 Atl. 688, is relied on by the appellant. It was a case wherein a constructive tort-

feasor sued to recover contribution, or indemnity under
an implied contract, from a co-defendant who was pri-
marily liable for the damages. The suit followed one
wherein the injured party had recovered judgment
against a railroad company and a shipper for the de-
struction of a store house near the railroad tracks by
fire communicated from a stove in the car on which the
shipper's goods were stored, the car being in the ship-
per's control. The shipper had had his day in court
upon the charge of his negligence and suffered a judg-
ment therefor that he was directly obligated to pay, and
in the subsequent suit by the railroad company (upon
its paying the judgment) against the shipper upon his
implied contract of indemnity, it was held by the New
Hampshire court that he was estopped by the former
judgment from showing that he exercised due care
in heating the car and that the railroad company was
guilty of actual (not constructive) negligence which
was the sole cause of the burning of the store house,
for those issues were found against him in that suit.
Even in the case between the railroad company and the
shipper it was held that the railroad company could
not have indemnity unless it showed that, by the exer-
cise of proper care, it could not have prevented the in-
jury, and that since such fact was not litigated in the
suit for the loss of the store house, it was incumbent
upon the railroad company in its suit against the ship-
per to establish that it could not have prevented the
injury by the exercise of such care. But that case is
not authority in the consideration of the present one
wherein, when co-defendants, these parties in the suit
of Mr. and Mrs. Woods were charged as separate and
distinct tort-feasors, each being accused of actual neg-
ligence. They were in no way related to each other
by contract, direct or implied, and have not until the

present suit had any opportunity to litigate their relative rights and liabilities growing out of the accident.

Judgment affirmed.

PARKER, C. J., MAIN, TOLMAN, and BRIDGES, JJ., concur.