MORRIS PEARLMAN, WILLIAM REGER, PEARL ALBERTS, BETTY PEARLMAN, JOSEPH PEARLMAN AND MINNIE PEARLMAN, PLAINTIFFS, v. FRANK TRUPPO, DEFENDANT.

Decided April 1, 1932.

For the plaintiffs, *Pearlman & Pearlman.*

For the defendant, *Carey & Lane.*

ACKERSON, S. C. C.   This action is to recover damages resulting from a collision between the automobile of the plaintiff Morris Pearlman and that of the defendant, Frank Truppo.   A discontinuance has been entered as to all the plaintiffs except Pearlman.   The defendant, Truppo, now moves for leave to file an amended answer so as to include a fifth separate defense of *res adjudicata* arising out of the circumstance that one, Helen Lerman, a passenger injured in Pearlman's car at the time of the collision, having heretofore sued both Lerman and Truppo as co-defendants, recovered a judgment against Lerman alone, but judgment of nonsuit was entered in favor of Truppo, the present defendant.   The latter, therefore, insists that such judgment is *res adjudicata* upon the question of his liability for negligence in the present action.

In the former action no counter-claim or cross-pleading was filed by either defendant as against the other.   The plaintiff therein, Helen Lerman, charged that the accident was caused by the negligence of both Pearlman and Truppo. They each filed separate answers denying liability and claiming the accident was caused by the negligence of the other defendant or some other person.

It is fundamental and universal that the former judgment proffered as *res adjudicata* in a subsequent suit must have been rendered in an action in which the parties to the subsequent suit were adverse parties.   What is meant by adverse parties scarcely needs definition.   Its signficance is apparent from the expression itself.   They must be opposite parties to an issue between them.   The issue must be proffered by one and controverted by the other.   They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability *inter sese*.   It is not

enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other as such pleading only goes to answering the claim of the plaintiff and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other. *Bakula* v. *Schwab et al.* (*Wis.*), 168 *N. W. Rep.* 378; *Merrill* v. *St. Paul City Railway Co.*, (*Minn.*), 212 *Id.* 533; *Snyder* v. *Marken,* 116 *Wash.* 270; 199 *Pac. Rep.* 302; 22 *A. L. R.* (*Anno.*) 1272; *Self* v. *International Railway Co.,* 230 *N. Y. Supp.* 34; *Pullman* v. *Greater Eagle Wet Wash Laundry Co.,* 243 *Id.* 55; *Erie Railroad Co.* v. *Muffalo, &c., Traction Co.,* 221 *N. Y. Supp.* 680; *affirmed,* 246 *N. Y.* 625; 159 *N. E. Rep.* 677; *Trotter* v. *Klein,* 249 *N. Y. Supp.* 20; *Westfield Gas & Mill Co.* v. *Noblesville & E. Gravel Road Co.,* 13 *Ind. App.* 481; 55 *Am. St. Rep.* 244; 41 *N. E. Rep.* 955; *Wiltrout* v. *Showers,* 118 *N. W. Rep.* 1081.

In the case of *Bakula* v. *Schwab et al., supra,* the court in considering who are adverse parties said:

"There was no issue between Schwab and Wilkenson" (co-defendants in a tort action). "The plaintiff was endeavoring to hold both. It was the endeavor of each to escape liability to the plaintiff. Each might have sought to escape this liability by fastening the blame upon the other, but in no other sense were they adverse parties. Schwab did not have control of the proceedings to enable him to exhaust the question of Wilkenson's liability."

In *Merrill* v. *St. Paul City Railway Co., supra,* the court in discussing the same question in a tort action, where two parties had been joined as co-defendants, said:

"Each" (defendant) "answered, denied negligence, and claimed the other's negligence was the proximate cause of plaintiff's injuries. The defendants offered evidence to sustain their respective claims. But why? Because they were offering matter in defense of plaintiff's claim. The only issue is between plaintiff and each of the defendants, who were made parties at the will of plaintiff, who could have dismissed as to either, and the other could not have been heard to complain.

The co-defendant were *not, in law,* adverse parties simply because they were not by the pleadings arrayed on opposite sides. The fact that. each sought to escape liability by attempting to fasten the blame upon the other does not make them adverse parties."

The case of *Trotter* v. *Klein, supra,* is directly in point. The judgments relied upon as *res adjudicata* were recovered in a former suit brought by passengers in an automobile involved in a collision with another car against the drivers of the respective cars. In the course of the opinion the court said:

"The judgments in the actions by the passengers against the plaintiff, and the defendant, in the instant case, who were parties defendant in the former actions, are not admissible as evidence in this action, and the judgments are not *res adjudicata* as to the issues involved in the instant case. While in the action by the passengers the parties here were sued as joint tort feasors, the issues involved were between the plaintiffs in those actions there were neither pleadings nor issues litigated as between the two defendants. The judgments in those actions did not determine as between the plaintiff and the defendant in this action the negligence of the latter and the freedom of negligence of the former. Such issues were neither presented nor litigated. Neither of the plaintiffs in the former actions is a party to the present action, and the question litigated in each of those actions was the negligence of either or both the defendants toward the plaintiff. There was not involved the issue as to the negligence of either defendant toward the other. They were not obligated in the former trials to establish their claims as against one another. The possibility that in this action a result may be obtained which will be inconsistent with the judgments in the former actions has no bearing upon the question involved."

It seems to me that an important element which negatives the application of the doctrine of *res adjudicata* in the case *sub judice,* is the fact, that under the pleadings in the former action, neither defendant was in a position to control the proceedings so as to establish any rights as against the other.

They were both made parties at the will of the plaintiff who might have dismissed the suit as to one and the other could not have complained. The plaintiff might have favored one defendant over the other without recourse. It is, of course, true that under section 12 of the Practice act of 1912 (*Pamph. L.* 1912, *ch.* 231, *p.* 379), the parties to this action might have raised the issue of liability as between themselves in the former suit, by means of a counter-claim, but they were not obliged to do so, as the plain terms of that section make such a course permissive and not mandatory.

It is apparent, therefore, that the remaining parties in the present action were not adverse parties in the former action in which they appeared as co-defendants, and that the judgment therein is not *res adjudicata* in the instant case. This is even more apparent when we consider that one of the essential elements to constitute *res adjudicata* is a right of appeal from the judgment. *Merrill* v. *St. Paul City Railway Co., supra.* It is settled in this state that where two defendants are charged as joint tort feasors, and one is discharged, even if erroneously, the other is not entitled to urge the error by an appeal, the question being whether he himself is liable and not whether the other defendant is, in the absence of any counter-claim or cross-pleading, raising the issue of liability as between the defendants themselves. *Rose* v. *Squires,* 101 *N. J. L.* 438. So in the instant case the plaintiff, Pearlman, had no right to appeal from the judgment of nonsuit rendered in favor of the present defendant in the former suit wherein they were both defendants and wherein no issue was directly and appropriately raised between them respecting any liability one to the other. Such former judgment is not therefore *res adjudicata.*

Defendant's motion for leave to file an amended answer is therefore denied.