WILES *v.* YOUNG.

(*Nashville*, December Term, 1933.)

Opinion filed March 24, 1934.

C. WADE WILKES, of Nashville, for appellant.

TRABUE, HUME & ARMISTEAD, of Nashville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was instituted before a magistrate to recover damages for injuries to plaintiff's automobile alleged to have been occasioned by the negligent operation of defendant's automobile. The magistrate dismissed the suit and, upon appeal, the magistrate's judgment was affirmed by the circuit court.

The case was decided on the pleadings in the circuit court. The defendant's plea set out that his car and plaintiff's car had a collision; that Miss Ethel Cooley was an occupant of the car driven by plaintiff; that she received injuries in the accident; that she brought suit against plaintiff and defendant both; that she recovered against both; and that plaintiff paid "his *pro rata* part" of the judgment. The plea averred that the present suit was for damage suffered by plaintiff's car in the accident mentioned, and that the judgment in the suit of Miss Cooley against plaintiff and defendant was a judicial determination that plaintiff was guilty of negligence that proximately caused or contributed to the collision. Defendant set up the judgment in the former suit and the proportionate payment of said judgment by plaintiff as an estoppel or bar to the maintenance of the present suit by the plaintiff. Plaintiff filed a replication to this plea in which he submitted that neither the former adjudication nor the proportionate payment of the judgment was a bar to the prosecution of the present suit,

since there had been no former controversy or litigation between the plaintiff and the defendant herein. The court below was of opinion that the replication was bad, sustained the plea, and dismissed the suit.

The facts developed in the suit of Miss Cooley against the parties hereto are not made to appear any further than indicated by the above excerpts from pleadings in this suit. We think that the trial judge reached an erroneous conclusion. It is true both plaintiff and defendant were parties to the former suit and the judgment therein was an adjudication that the plaintiff here was guilty of negligence. That is to say, plaintiff was adjudged to be guilty of negligence with respect to Miss Cooley—of a breach of duty toward Miss Cooley. It was not adjudged in the former suit, so far as this record shows, that plaintiff was guilty of any negligence with respect to defendant—of a breach of duty toward defendant.

■■ The general rule is that parties to a judgment are not bound by it in subsequent controversies between each other, unless they were adversaries in the suit in which the judgment was rendered. 15 R. C. L., 1013; Freeman on Judgments (5 Ed.), section 424.

"Hence a judgment against several defendants is usually not conclusive as between themselves in respect to their rights and liabilities toward each other, unless the defendants contest an issue with each other, either upon the pleadings between themselves and the plaintiffs or upon cross-pleadings between themselves." 15 R. C. L., 1013.

"Ordinarily, however, codefendants are not adversary parties, since usually no issues are made between them, and a judgment, therefore, cannot generally be used by

one against the other as an estoppel, and this is true even though one of them has filed a cross-complaint, if the other is not made a party to it or had no notice of it." Freeman on Judgments (5 Ed.), section 424.

In *Snyder* v. *Marken,* 116 Wash., 270, 199 P., 302, 303, 22 A. L. R., 1272, there was a collision between two automobiles. A passenger in one of the cars was injured and brought suit against the drivers of both cars. There was a judgment in favor of both defendants in that suit. Later the driver of one car sued the driver of the other car for damages growing out of the accident and the driver sued pleaded the judgment in the former case as an adjudication acquitting him of negligence in the accident. This plea was overruled. Among other things, the court said of the defendants in the first suit:

"They were not crossing swords with each other, they were each only defending himself against the charge of negligence made upon him by Mr. and Mrs. Woods. In such a case the finding and judgment of the court that neither of the parties defendant was guilty of negligence as to those plaintiffs did not conclude and determine any of the mere relative rights of the defendants therein as between themselves."

So in the case before us the finding in the earlier case that plaintiff was guilty of negligence in respect to Miss Cooley is not a determination that he was guilty of negligence with respect to the defendant which, as a contributing cause, would bar this suit against defendant.

In *Boston & M. R. R.* v. *Sargent,* 72 N. H., 455, 57 A., 688, a storehouse adjacent to a railroad was destroyed by fire which originated in a car left in charge of a shipper. The owner of the storehouse brought suit against the railroad company and the shipper both and

recovered a judgment against both. Thereafter the railroad company sued the shipper alleging that his negligence with respect to the operation of a stove in the car occasioned the fire. The court held that the liability of the shipper to the railroad company was an issue not passed upon in the first suit, although certain evidence bearing upon that issue was brought out in the first suit, and that the parties to the second suit were not concluded by the judgment in the first suit.

This is not a suit for contribution brought by one *tort-feasor* against another. *Cohen* v. *Noel,* 165 Tenn., 600, 56 S. W. (2d), 744, is not in point. The plaintiff here merely sues for damages for the injuries inflicted upon his automobile.

For the reasons stated and upon the authorities cited, the judgment of the court below is reversed, and the case remanded for further proceedings.