Angelo M. Onorato, *d.b.a.* Puritan Motor Sales *vs.* Anthony Mancini.

FEBRUARY 5, 1941.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This cause was previously before this court on its merits and was decided substantially in favor of the respondent. *Onorato* v. *Mancini,* 65 R. I. 115, 13 A. 2d. 805. It is here this time solely on the question of the authority of the superior court to tax the fees and expenses of the receiver as part of the costs charged against the complainant.

In remanding the cause to the superior court after the first hearing, we ordered that the entire matter of the receiver's fees should be judicially determined after a hearing in that court. Such a hearing was accordingly held and the superior court allowed the receiver $325 for his services and $23.19 for his expenses, making in all a total amount of $348.19, which he was directed to pay to himself out of the funds in his possession. However, these funds belong entirely to the respondent by virtue of our previous decision. Consequently, respondent moved that the above amount, together with the costs proper of $57.00 be taxed as costs to the complainant in the total sum of $405.19. After a hearing on this motion, the superior court entered its decree to that effect and from that decree complainant has appealed to this court.

On this appeal complainant contended that the superior court erred in taxing the receiver's fees and expenses as costs. In support of his contention he argued that there was no authority for such action, as the generally accepted and established rule of law is that the receiver is to be paid out of the funds in his hands and not by either party.

The respondent admitted that such is the law generally but contended there is a well-recognized exception to the general rule where a party unwarrantably and improperly has brought a suit which necessitated the appointment of a receiver, not for the preservation of the property for the benefit of both parties, but fundamentally for his benefit

solely. In such a case respondent argues that it is within the sound discretion of the trial court to impose the burden of the expense of the receiver upon him who needlessly and unfairly caused such expense.

There does not appear to be any case on this precise question in this state. However, it has been recognized in this state that generally a receiver, as an officer of the court, is to be paid from the funds in his hands, as a part of the expenses of the proceedings. *Mauran* v. *Crown Carpet Lining Co.*, 23 R. I. 344. Such appears to be the general rule recognized elsewhere. *Ferguson* v. *Dent,* 46 Fed. 88; *Beckwith* v. *Carroll,* 56 Ala. 12; *Farmers National Bank* v. *Backus,* 74 Minn. 264; 20 C. J. S., Costs, § 254, p. 489. But it is stated in the text last cited—20 C. J. S. § 254, *supra*—at page 490, that where "a receiver was appointed on the application of plaintiff and over the protests of defendant, not for the purpose of the protection and preservation of the property against damage or its development, but to sequester it so as to render it subject to plaintiff's claims, the expenses of the receivership may properly be taxed as a part of the costs against plaintiff."

Authority has also been cited by respondent which holds that: "Where the receivership is procured under the assertion of an unjust and wrongful claim, as finally found by the court and the receiver is authorized to take possession of the property of another on such wrongful assertion, the court can protect the injured party by returning the property of which he was divested without its being diminished to pay receiver's charges." *Highley* v. *Deane,* 168 Ill. 266, 272, 48 N. E. 50, 52. See also *Bellamy* v. *Washita Valley Tel. Co.,* 25 Okla. 18, 105 Pac. 340; *Ramey-Milburn Co.* v. *Sevick,* 159 Ark. 358, 252 S. W. 20; *Frick* v. *Fritz,* 124 Ia. 529, 100 N. W. 513.

Upon consideration of the authorities in those states where this question has been decided, we are of the opinion that

an exception to the general rule should be recognized in cases where there is good ground for finding that the complainant has brought his suit in bad faith or where it clearly appears to the trial court that there was no reasonable basis for the complainant's suit and that the application of the general rule would be inequitable to the respondent.

In the instant cause the trial justice commented on the complainant's credibility in strongly unfavorable terms, intimating, substantially, that the complainant had no grounds at all for his complaint against the respondent. Apparently the trial justice had more than a mere suspicion that the complainant was lacking in good faith from the beginning to the end of this suit, as he said: "Onorato did not come into court with clean hands when he brought the bill in equity, and certainly he did not cleanse his hands very much during the trial." Furthermore, the trial justice apparently felt that there were no reasonable grounds for complainant's bill and that it would not be equitable to burden the respondent with the expense of the receivership.

Since the trial justice had the benefit of seeing and hearing the complainant testify and could thus form an opinion of his lack of good faith to better advantage than we can from the transcript, and since, in considering the merits of this cause on the first appeal, we noticed some facts in the transcript which tended to bear out the conclusion of the trial justice that it would be inequitable to impose the burden of the receiver's fees on the respondent, we cannot say that the trial justice abused his discretion in charging this complainant with the fees of the receiver as part of the costs. We do find, however, that the item of $23.19—the expenses of the receiver—should not be charged to the complainant. Respondent's counsel conceded at the hearing before us that such a charge would be inequitable to the complainant.

The complainant's appeal is, therefore, sustained, and the decree appealed from is reversed in part, as above indicated.

The parties may, on February 14, 1941, present for our approval a form of decree, consistent with this opinion, for entry in the superior court.

*Ralph Rotondo,* for complainant.

*George Ajootian, Henry R. DiMascolo,* for respondent.