No. 38,934

A. W. Mickadeit, *Appellee*, v. The Kansas Power and Light Company, a corporation, *Appellant.*

(257 P. 2d 156)

Opinion filed May 9, 1953.

*Robert E. Russell,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove* and *Balfour S. Jeffrey,* all of Topeka, were with him on the briefs for the appellant.

*Howard A. Jones,* of Topeka, argued the cause, and *Charles L. Davis, Jr., Donald Patterson* and *William E. Haney,* all of Topeka, and *Roy V. Nelson,* of Hiawatha, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action commenced January 26, 1951, in the district court of Shawnee county, by one Mickadeit against the Kansas Power and Light Company to recover damages sustained in a collision of automobiles which occurred December 18, 1949. From a ruling and judgment striking certain allegations from its answer, the company has appealed to this court.

Because of the questions raised in the present appeal we shall first review the pleadings in an action commenced in the district court of Atchison county on May 4, 1950, wherein one H. A. Dorssom was the plaintiff and the above named Mickadeit and the company were defendants, and in which action plaintiff sought damages growing out of the collision referred to above. In that action Dorssom filed his amended petition on December 18, 1950, in which he alleged the facts concerning a collision on the north side of the highway between an automobile driven westwardly by him and one driven eastwardly by Mickadeit in which he charged Mickadeit with negligence in seven particulars and the company with negligence in five particulars, the details of which need not be set forth, and "that as a result of the substantially concurrent acts of negligence of the defendants" plaintiff's car was damaged and he sufered personal injuries for which he sought recovery.

On June 28, 1951, the company answered Dorssom's petition, alleging its version of the accident and,

"Defendant further alleges that the damage, if any, suffered by the plaintiff, H. A. Dorssom, or the defendant A. W. Mickadeit, was due to no fault or negligence whatsoever on the part of this answering defendant, its agents, servants or employees, and that said defendant does not know whether the collision was due to the negligence of the plaintiff, Mr. Dorssom or the defendant, A. W. Mickadeit, or both, but alleges that the sole and proximate cause of the collision was due to the negligence of either the plaintiff, Mr. Dorssom or the defendant Mr. Mickadeit, or both, in that they failed to operate their vehicles upon the highway so as to avoid colliding with each other."

On September 11, 1951, Mickadeit filed an answer and cross petition. In his answer Mickadeit denied the collision had occurred north of the center of the highway and alleged that at the time of the collision "defendant's automobile had returned to the south side of the traveled portion of the said highway and was south of the center line thereof" and at a later place that he had passed the parked truck standing on the south traveled portion of the highway "and had returned to the south lane of said highway to the extent that both of his front wheels were over the center line of said highway headed in an easterly direction" when Dorssom's automobile, driven at an excessive speed, ran into his automobile. He then pleaded,

"Further answering said amended petition this answering defendant neither admits nor denies the allegations of negligence, or other allegations against the co-defendant, The Kansas Power and Light Company, a corporation; but specifically denies that there was any negligence upon the part of the defendant, A. W. Mickadeit."

His concluding allegation was that Dorssom's injuries and damage, if any, were the result of his negligence in three stated particulars. In his cross petition Mickadeit made a part thereof the relevant parts of his answer, repeated in part the facts as to the accident, charged that the damage to him was the direct and proximate result of Dorssom's negligence, in four particulars, and that he had suffered specified personal injuries and damage to his automobile, for which he prayed recovery. It is here noted that an appeal from the judgment rendered in the Atchison County action has this day been decided in *Dorssom v. Kansas Power and Light Co.*, No. 38,931, page 472 of this volume. Reference is made to that opinion for a further review of the pleadings.

While the above action was pending in the Atchison county district court Mickadeit commenced the instant action in Shawnee county on January 26, 1951, and prior to the time the company and he had answered in the Atchison county action. He filed an amended petition on March 24, 1952, in which he alleged in substance that on the morning of December 18, 1949, he was driving his automobile east on the highway at a designated place, the weather being foggy and visibility impaired; that defendant had parked its truck in the south half of the highway; that plaintiff was following another automobile and both drivers had stopped to avoid colliding with the truck; that an agent of the defendant, by hand signals, directed them to drive around the truck; that obeying the signal and direction plaintiff turned his automobile into the north lane of the highway in order to pass the parked truck "and was returning to the south lane of said highway" when an automobile driven by one Dorssom came along from the east traveling west at a high rate of speed and ran into the automobile of plaintiff, who exercised all reasonable efforts under the circumstances to get his car out of the path of Dorssom's car but was unable to do so; that the negligent acts of defendant's employees were one of the proximate causes of the collision and caused damages to the plaintiff, which are set out in detail. Pleaded negligence of defendant's employees in five particulars and the prayer of the petition need not be noticed.

In its answer the defendant company pleaded its status; that at the time and place it was using the truck to set a pole and in order to do so had placed its truck with the rear end in the ditch to the south of the highway with the left front part of the truck on a small portion of the south part of the highway; that it had placed warning signs to the east and west of the place of collision; that conditions

were obvious to users of the highway and the roadway was amply wide north of its truck to permit travel both east and westbound; that plaintiff passed to the east of the truck a distance of twenty-five to forty feet when a collision occurred between his automobile and another driven by Dorssom. As a further defense defendant alleged the collision occurred after plaintiff's automobile had passed its truck and at the time Dorssom was driving west, south of the center line of the highway and on the wrong side thereof and swerved his automobile directly into the front end of plaintiff's automobile, which prior to the collision "had passed the parked truck on the north side thereof and had returned to the south lane of traffic"; that plaintiff's automobile had returned to the south side of the traveled portion of the highway to the extent that both of his front wheels were over the center line of the highway when Dorssom's automobile driven at an excessive rate of speed collided with it, Dorssom's negligence being set forth. Immediately preceding the prayer appeared the two following paragraphs, which bore the single number 9.

"9. Defendant further alleges, as a defense herein, that prior to the time that the plaintiff instituted this action there was pending in the District Court of Atchison County, Kansas, an action for damages and personal injury, growing out of the same collision in which H. A. Dorssom as plaintiff brought suit against A. W. Mickadeit and The Kansas Power and Light Company as co-defendants, in which action H. A. Dorssom alleged in substance that the accident was due to the concurrent acts of negligence of the defendants. Defendant makes the Amended Petition of H. A. Dorssom in said case together with the Answer of The Kansas Power and Light Company therein, together with the Second Amended Separate Answer and Cross Petition of the defendant A. W. Mickadeit, which pleadings, having been certified and are on file herein, marked defendant's Exhibit I, a part of the defendant Kansas Power and Light Company's Answer herein. Defendant further alleges that in said action brought by H. A. Dorssom the defendant Mickadeit filed a cross claim for his personal injuries and damage as a result of said collision against the plaintiff Dorssom. That thereafter, Mr. Mickadeit instituted another action in Shawnee County against The Kansas Power and Light Company for the same injuries and damages. That thereafter, the action of *Dorssom v. Mickadeit and The Kansas Power and Light Company* in Atchison County was tried to a jury and a judgment rendered therein. That by reason thereof, defendant alleges that plaintiff's action herein against the defendant is *res judicata.*

"Defendant alleges further, as a defense herein, that the plaintiff Mickadeit, in the case of *Dorssom v. Mickadeit and The Kansas Power and Light Company* in The District Court of Atchison County, Kansas, alleged in his Cross Petition, and tried said case upon the theory that his car had passed the parked truck of The Kansas Power and Light Company 'on the north side thereof and had returned to the south lane of traffic' when H. A. Dorssom, who was driving toward the Mickadeit car on the wrong side of the road, ran into the front end of

said Mickadeit's car. The defendant Kansas Power and Light Company alleges further that in the instant case of Mickadeit against The Kansas Power and Light Company, Mickadeit seeks to recover on the theory as alleged in his Petition to the effect that he had not returned to the south side of the highway, but that he was returning thereto when the accident occurred. Defendant alleges that the two theories set forth by the plaintiff are inconsistent, each with the other, and that plaintiff by having maintained and prosecuted his action against H. A. Dorssom on the theory that the accident occurred while he was driving his automobile on his own and proper side of the highway when it was struck by an automobile traveling in the opposite direction; that by reason thereof the said plaintiff elected and tried his claim upon a state of facts which disprove the facts alleged herein and plaintiff is bound thereby and estopped to proceed in this case upon an entirely inconsistent and different theory from that relied upon in his Cross Claim against H. A. Dorssom."

Thereafter Mickadeit filed his motion to strike certain parts of the company's answer on the ground they did not constitute a defense, and upon hearing the trial court ordered stricken all that part noted as paragraph 9 which has been quoted above. From that ruling the defendant has appealed to this court.

Before taking up the appellant's contentions of error we point out that no question is presented as to the sufficiency of appellee's petition to state a cause of action against appellant. The only contentions are that the trial court's ruling deprived appellant of two defenses, one the defense of *res judicata* as set forth in the first paragraph of "9," the other that appellee may not maintain separate actions on entirely different, inconsistent, contrary and irreconcilable theories, as set forth in the second paragraph of "9," which is quoted above.

In support of its contention that the defense of *res judicata* is available to it, appellant directs our attention to the following sections of the code of civil procedure that the answer shall contain a statement of any new matter constituting a counterclaim or setoff or a right to relief concerning the subject of the action, and that the defendant may set forth as many grounds of counterclaim and defense as he may have (G. S. 1949, 60-710); that the counterclaim mentioned must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had and arising out of the transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action, etc. (60-711); to the rule as to statutes in derogation of the common law (60-102); and to the rule that material allegations not controverted shall be taken as true (60-748); and citing authorities later mentioned, argues that when appellee filed his answer

and cross petition in the Atchison county action he was required to litigate all matters which might or could have been litigated under the facts constituting the cause of action, including not only his claim against Dorssom but his presently asserted claim against the appellant. In support appellant relies on *Salina Coca-Cola Bottling Corp. v. Rogers,* 171 Kan. 688, 237 P. 2d 218, from which it quotes extensively. We need not review that case at length. Although the subject of counterclaims is discussed, what is said was with respect to an action by a single plaintiff against a single defendant; the question of the necessity of one defendant counterclaiming against his codefendant was not in the case and was not discussed. Further than that the opinion discloses that the question of propriety if not of necessity, for filing a counterclaim, was not mentioned by the parties and whether, if the defendant failed to assert the counterclaim (which actually had been asserted) would such failure constitute *res judicata* was not before the court and would not be pursued. That case is not controlling here.

Appellant also relies on the rule stated in *Wharton v. Zenger,* 163 Kan. 745, 186 P. 2d 287, and *Kearny County Bank v. Nunn,* 156 Kan. 563, 134 P. 2d 635, and some of the cases cited therein that when all of the parties are in court and the court has full jurisdiction of the subject matter and the parties and could determine all issues properly involved, all such issues should then be determined, and that not only do the matters which are expressly determined but all matters which might or should then have been determined become *res judicata* and are not available to the parties in a future action. We adhere to the rule stated, but neither of the cases cited, nor the rule itself, goes so far as to say that when two defendants are jointly sued, they must, in that action, litigate controversies existing between them in which the plaintiff has no interest. In the Atchison county action neither of the defendants there asserted any cause of action against the other. Appellant further argues however that the right to file a cross claim is statutory and when a defendant elects to file a cross petition he must litigate all issues as the purpose of the code provision is to expedite litigation, to furnish a complete determination of all questions involved and to avoid a multiplicity of suits. That is a good argument as between a plaintiff and a defendant, but we are cited to no authority by appellant that supports any conclusion the rule applies to coparties. We have not overlooked appellant's contention that Mickadeit's cross petition in the Atchison county action

amounted to a charge of concurrent negligence on the part of Dorssum and the company. In our opinion a mere reading of Mickadeit's pleadings in that action refutes the contention.

Answering appellant's contentions and argument, appellee makes a critical review of the authorities relied upon by appellant, some of which has been reflected in what has been heretofore said. He also draws some distinctions between counterclaims as arising between a plaintiff and a defendant and cross actions between persons who had been codefendants, and stresses language found in 50 C. J. S. (Judgments, § 685) 139:

"Statutes requiring a defendant to set up his counterclaim arising out of the transaction set forth in the complaint or suffer a bar of such matter have no reference to cross actions, and, where the statute relating to cross actions is permissive and not mandatory in character, failure of defendant to plead his claim by way of cross action in the original proceeding will not bar his subsequent use of such matter in later proceedings."

We find it unnecessary to pursue that phase at length.

In neither brief is there citation of any of our decisions, nor does our search disclose anywhere the precise or a clearly analogous question had been decided other than *Topeka State Bank v. Waters,* 121 Kan. 126, 245 Pac. 1028, where it was held:

"The plaintiff bank and the defendant were codefendants in a foreclosure action, the bank holding a promissory note secured by second mortgage which had been executed to the defendant as payee. No issue was raised between the bank and the defendant in the foreclosure action. *Held,* the proceedings in that action did not preclude the bank from afterwards seeking to recover from the defendant who was payee and indorser on the note in question." (Syl. ¶ 2.)

There is textbook authority however and the question has been determined in other jurisdictions.

In 101 A. L. R. 104 is an annotation on "Judgment for plaintiff in action in tort or contract against codefendants, as conclusive in subsequent action between codefendants as to the liability of both or the liability of one and the nonliability of the other," where after stating the principal aspects as to the question, it is said:

"While the cases are not entirely in harmony, sometimes even in the same jurisdiction, the rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings, and determined by the judgment in the first action." (l. c. 105.)

Many authorities are cited in support of the rule stated in the discussion treating the various phases of the question. See also supplementary annotation on the same subject in 142 A. L. R. 727, and annotation on a related subject in 25 A. L. R. 2d 710.

In discussing the conclusiveness of a judgment as to coparties it is said in 50 C. J. S. (Judgments, § 819) 372, that

"A judgment ordinarily settles nothing as to the relative rights and liabilities of the coplaintiffs or codefendants inter sese, unless their hostile or conflicting claims were actually brought in issue, litigated, and determined."

And with reference to the same subject it is said in 30 Am. Jur. (Judgments, § 233) 966:

"The general rule is that parties to a judgment are not bound by it in subsequent controversies between each other, where they are not adversaries in the action in which the judgment is rendered. This is true whether the judgment is rendered in favor of the plaintiff, or determines the issues in favor of the defendants. The rule applies to a fact which might have been, but was not, litigated in the original action. The theory of the many decisions supporting the general rule is that the judgment merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants as among themselves. It is also a general rule that a plaintiff is not concluded by the result of a litigation between two defendants in an action concerning a matter upon which the plaintiff's complaint tendered no issue."

Later parts of the two authorities cited set forth limitations on and denials of the general rule stated, which limitations and exceptions are noted but not followed.

The four decisions next noted are similar to the case at bar insofar as the legal question presented is concerned.

In *Snyder v. Marken*, 116 Wash. 270, 199 Pac. 302, 22 A. L. R. 1272, it was held:

"Where two persons wholly unrelated in business, each driving his own car, become involved in a collision between the two cars which caused injury to a third person, suing both of them for damages, a judgment against such third person is not conclusive in a subsequent suit by one car owner against the other to recover damages for the latter's alleged negligence; the rule being that parties to a judgment are not bound by it in subsequent controversies between each other unless they were adversaries in the action wherein the judgment was entered." (Syl.)

In *Glaser v. Huette*, 249 N. Y. S. 374, 232 App. Div. 119, affirmed 256 N. Y. 686, 177 N. E. 193, the headnote reads:

"Judgment that operators of both colliding automobiles were liable to injured third person *held* not res judicata in subsequent action between operators.

"In the former personal injury action by third person in which operators of both colliding automobiles were codefendants, no duty existed to contest issue of negligence as between defendants, and no pleadings existed as between

them, so that decision therein settled nothing as to liability of codefendants to each other. Hence plea of res judicata was not available to one of them when subsequently sued by the other."

In *Wiles v. Young*, 167 Tenn. 224, 68 S. W. 2d 114, it was held:

"Parties who were not adversaries in former suit in which judgment was entered are not bound by judgment in subsequent suit between each other.

"In suit for damages to automobile, that passenger in plaintiff's automobile had recovered judgment against both plaintiff and defendant in former suit for injuries sustained in collision, and that plaintiff had paid pro rata part of judgment, *held* not to establish plaintiff's negligence precluding his recovery from defendant, since parties were not adversaries in former suit." (Syl. ¶¶ 1, 2.)

In *Israel v. Krupa*, 43 N. Y. S. 2d 113, 180 Misc. 995, it was held:

"Judgment rendered, in automobile guest's personal injury action, against host and in favor of driver of other automobile involved in collision, was not 'res judicata' in subsequent action by host against other driver for property damage." (Syl. ¶ 1.)

A sufficient review has heretofore been made of the pleadings in the Atchison county action to disclose that no issue was tendered as to the liability of the present appellant to the present appellee, and we hold that the proceedings in that action did not preclude the appellee from afterwards seeking to recover from the appellant, as he seeks to do in the instant action, for any negligence of the appellant resulting in his injury and damage and that the judgment in the Atchison case is not *res judicata* as to the instant case. The trial court did not err in striking the first paragraph of "9" as quoted heretofore.

Appellant's contention that appellee's petition in the instant case presents a theory entirely different, inconsistent, contrary and irreconcilable with that presented by him in his cross petition in the Atchison county case, is based on the premise asserted by it that in the Atchison county action appellee pleaded he was on his own side of the highway when struck by Dorssom's automobile while in the instant case he pleaded he had turned into his left lane and was returning to his right lane when struck. On that premise appellant argues that the truth of the one theory disproves the other, and it directs attention to decisions dealing with election of remedies. In our opinion the premise is not sound. In his cross petition in the Atchison county action appellee made his answer part thereof. He alleged there that he had returned his automobile to the south side (his right side) of the road, and also that he had returned to the south side to the extent his front wheels were over the center line.

His charge of negligence included that Dorssom was driving in the center of or on his left side of the highway. In the instant case appellee pleaded he stopped when he reached appellant's truck; that he was directed by appellant's employee to drive on the north lane to pass the truck; that he did so and was returning to the south lane when he was struck by Dorssom's automobile. Among other things, he charged appellant with negligence in that its employee had directed him to pass the truck at a time when it could not be passed with reasonable safety because of the approach of the Dorssom automobile which he could not see because of the truck but which appellant's employee did see or in the exercise of reasonable care could have seen. In our opinion the pleadings are not subject to the analysis made by appellant.

Even though appellant's premise were sound, it is noted that appellee's cross petition was not directed against appellant—insofar as the cross petition was concerned appellant was a stranger to the action. In such case the pleading of appellee in the Atchison county action may be offered in evidence in the trial of the instant case for what it is worth, but it is not conclusive against the pleader. See *Murphy v. Hindman,* 58 Kan. 184, 48 Pac. 850; *Bank v. Duncan,* 80 Kan. 196, 101 Pac. 992, 28 L. R. A. (ns) 327; and *Kington v. Ewart,* 100 Kan. 49, 164 Pac. 141.

In our opinion appellant is not in a position to and may not urge that the appellee is bound by inconsistent allegations in previous litigation and that he may not maintain the instant action, and the trial court did not err in striking the second paragraph of "9" as heretofore quoted.

The ruling and judgment appealed from is affirmed.