109 So.2d 151

## ST. PAUL FIRE & MARINE INSURANCE COMPANY

v.

### Sellers DOWDELL.

6 Div. 565.

Court of Appeals of Alabama.

Feb. 17, 1959.

Maurice Rogers, Birmingham, for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

PRICE, Judge.

The plaintiff, St. Paul Fire & Marine Insurance Company, a corporation, sued to recover damages resulting from a collision between the automobile of its insured, Wesley Johnson, and a motor vehicle belonging to defendant. Plaintiff alleges it has paid in behalf of its insured $550 for property damage under the provisions of the policy and that it has become subrogated to the extent of such payment and brings this suit by way of subrogation.

Defendant interposed pleas of res judicata. The court overruled demurrer to the pleas. Plaintiff took a nonsuit, Title 7, Sec. 819, Code 1940, and assigns as error the courts' adverse ruling.

The pleas in substance allege negligence of plaintiff's insured, Wesley Johnson, proximately contributing to his damage, and aver that plaintiff is estopped to deny the fact of such contributory negligence by a judgment rendered in the Circuit Court of Jefferson County on February 2, 1956, based upon a complaint of Armstrong

Black as plaintiff against Wesley Johnson and Sellers Dowdell, as defendants, which complaint alleged that the injuries to Armstrong Black "were proximately caused by the negligence of the defendant, Sellers Dowdell, and the negligence of the defendant, Wesley Johnson, in and about the operation and control of the respective motor vehicles operated by them" on the occasion of the said Black's injuries, and further aver that plaintiff's said insured, Wesley Johnson, had paid the judgment rendered against him in the Armstrong Black case.

The pleas further allege that the collision in the two cases is one and the same, and that Black's alleged injuries, and plaintiff's damage arose out of the same accident, and that the contributory negligence of plaintiff's insured, Wesley Johnson, is a bar to plaintiff's recovery against Sellers Dowdell, defendant in this cause.

The prime question is whether or not the joint judgment against Wesley Johnson and Sellers Dowdell is res judicata in a suit by Wesley Johnson against Sellers Dowdell.

In Freeman on Judgments, 5th Ed., it is said:

"Sec. 422. Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action. There must have been an issue or controversy between them. The reason for this rule obviously is the same as that which underlies the whole doctrine of res judicata, namely, that a person should not be bound by a judgment except to the extent that he, or someone representing him had an adequate opportunity not only to litigate the matter adjudicated, but to litigate them against the party (or his predecessor in interest) who seeks to use the judgment against him."

"Sec. 423. And it has been laid down as a general rule that whenever there has been afforded to coparties, whether plaintiffs or defendants, an opportunity to litigate a particular issue inter se, they are concluded by the result. It would seem equally clear on principle that if no such opportunity has been afforded them, they are not bound."

"Sec. 424. * * * Ordinarily, however, codefendants are not adversary parties, since usually no issues are made between them, and a judgment, therefore, cannot generally be used by one against the other as an estoppel, * * *." Buffington v. Cook, 35 Ala. 312, is cited in the note.

The principle is stated in Sec. 82 of the Restatement of The Law of Judgments as follows:

"The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves."

Illustration 1 under said section 82 is clearly in point here: "1. A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car."

In Mickadeit v. Kansas Power & Light Company, 174 Kan. 484, 257 P.2d 156, 162, the court cites much textbook authority as well as numerous decisions which support the rule above stated. Four decisions involving questions similar to that here presented are quoted from by the Kansas Court as follows:

"In Snyder v. Marken, 116 Wash. 270, 199 P. 302, 22 A.L.R. 1272, it was held:

" 'Where two persons wholly unrelated in business, each driving his own

car, become involved in a collision between the two cars which caused injury to a third person, suing both of them for damages, a judgment against such third person is not conclusive in a subsequent suit by one car owner against the other to recover damages for the latter's alleged negligence; the rule being that parties to a judgment are not bound by it in subsequent controversies between each other unless they were adversaries in the action wherein the judgment was entered.'

"In Glaser v. Huette, 232 App.Div. 119, 249 N.Y.S. 374, affirmed 256 N.Y. 686, 177 N.E. 193, the headnote reads:

" 'Judgment that operators of both colliding automobiles were liable to injured third person held not res judicata in subsequent action between operators.

" 'In the former personal injury action by third person in which operators of both colliding automobiles were codefendants, no duty existed to contest issue of negligence as between defendants, and no pleadings existed as between them, so that decision therein settled nothing as to liability of codefendants to each other. Hence plea of res judicata was not available to one of them when subsequently sued by the other.'

"In Wiles v. Young, 167 Tenn. 224, 68 S.W.2d 114, it held:

" 'Parties who were not adversaries in former suit in which judgment was entered are not bound by judgment in subsequent suit between each other.

" 'In suit for damages to automobile, that passenger in plaintiff's automobile had recovered judgment against both plaintiff and defendant in former suit for injuries sustained in collision, and that plaintiff had paid pro rata part of

judgment, held not to establish plaintiff's negligence precluding his recovery from defendant, since parties were not adversaries in former suit.'

"In Israel v. Krupa, 180 Misc. 995, 43 N.Y.S.2d 113, it was held:

" 'Judgment rendered, in automobile guest's personal injury action, against host and in favor of driver of other automobile involved in collision, was not 'res judicata' in subsequent action by host against other driver for property damage.' "

Of course, the above noted principles would apply here to the suit brought by the insurer, upon subrogation after payment of loss to its insured, the same as if the action had been brought by the insured, Wesley Johnson, one of the codefendants in the former suit.

In Hassenplug v. Victor Lynn Lines, D. C., 71 F.Supp. 70, the court said:

"Granting for the purposes of argument that the parties in this case would be regarded under Pennsylvania law as adversaries in the former suit, the issue previously litigated between the present parties was their individual negligence to the passenger in this plaintiff's car. But the issues in this action concern their negligence to each other and their rights and liabilities between themselves. When two cars collide, it is conceivable that the driver of one car can be negligent to his passenger without necessarily being precluded from recovering damage from the other driver."

The pleas are insufficient because they fail to show an adjudication of the issues involved. The demurrer challenging the pleas on this ground should have been sustained. The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.