## DEHN v. MATUSAK

[No. 89, September Term, 1960.]

*Decided December 15, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Walter I. Seif, Jr.,* with whom was *Roland Walker* on the brief, for the appellant.

*Jeffrey B. Smith,* with whom were *Paul E. Burke, Jr.,* and *Smith, Somerville & Case* on the brief, for the appellee.

PER CURIAM.

The sole question raised by this appeal is whether or not the plaintiff-appellant, Dehn, was entitled to an instruction to the jury based on the doctrine of last clear chance. The trial

16

court declined to give such an instruction, and the verdict of the jury was in favor of the defendant-appellee, Matusak.

Most of the facts are not in dispute. On Sunday evening, September 14, 1958, the plaintiff double-parked his automobile on Clement Street just east of its intersection with Jackson Street. His car was headed east and was standing on the south side of Clement Street, but it was separated from the curb by other cars already parked there. Jackson Street runs north and south, and like Clement Street, is a two-way street. The defendant had parked his car on Jackson Street just north of Clement Street while he had dinner at a restaurant at the corner. When he came out shortly after 9 P.M., there was one car parked in front of him and another double-parked alongside. The defendant wished to head west on Clement Street. He therefore backed into Clement Street, turning the rear of his car to the east. Either as he was still backing or as he was about to put his car into a forward gear and it was drifting with the clutch disengaged, his car bumped into the plaintiff's car. It was a rather minor impact. Damages to the plaintiff's car amounted to $48.00. The plaintiff also claimed to have sustained some personal injury. The plaintiff claims that he was sitting in his car with his lights on and his engine running, and was talking with a friend, who had come around to the driver's side of the plaintiff's automobile. The defendant was unaware of the presence of the plaintiff's car until the collision occurred, and neither the plaintiff nor his friend appears to have noticed the defendant's car prior thereto.

The plaintiff concedes that he was negligent in double-parking his car. The case was submitted to the jury under instructions which left it to the jury to determine whether the plaintiff's negligence contributed to the accident and which told the jurors that if it did, the plaintiff could not recover because of his contributory negligence. The jury found for the defendant.

No useful purpose would be served by a review of the cases in this Court dealing with the doctrine of last clear chance. The present case seems to fall squarely within the rule of *Peregoy v. Western Maryland R. R. Co.,* 202 Md. 203, 95

A. 2d 867. There was but one act of negligence on the part of the defendant—backing his car, or permitting it to drift, against the plaintiff's car. There is nothing to show that the defendant had knowledge of the plaintiff's imminent danger or that he had an opportunity, in time, to avoid injuring the plaintiff or damaging his property. The defendant's original negligence cannot, without more, serve again to charge him with liability under the doctrine of last clear chance. Something new or independent would have to be shown which would give the defendant a fresh opportunity to avert the consequences of his negligence. To the same effect is *Sears v. Baltimore & O. R. Co.*, 219 Md. 118, 126, 148 A. 2d 366. See also *Martin v. Sweeney*, 207 Md. 543, 114 A. 2d 825. In the instant case the evidence does not show that the negligence of the defendant was sequential and not merely concurrent with that of the plaintiff. An instruction based upon the last clear chance doctrine was, therefore, properly refused.

*Judgment affirmed, with costs.*