CREIGHTON *v.* RUARK

[No. 83, September Term, 1962.]

*Decided December 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, HORNEY and SYBERT, JJ.

*W. Edgar Porter,* with whom were *Porter & Cullen* on the
brief, for appellant.

*John W. T. Webb* and *William W. Travers,* with whom
were *Webb & Travers, Walter C. Anderson* and *K. King Bur-
nett* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment for personal injuries in an
automobile collision case in favor of the owner and driver of
one car, George William Ruark, against the owner and driver
of the other car, Marshall Creighton. An earlier action had
been filed against both Creighton and Ruark by a passenger

in Creighton's car, resulting in a jury verdict against both defendants and judgment entered and satisfied. It was brought into the instant case by plea of res judicata, to which the plaintiff demurred. The demurrer was argued and held *sub curia.* On September 1, 1961, there was a docket entry: "Demurrer overruled. Trial and jury." On October 23, 1961, there was another docket entry: "Order dated September 1, 1961, overruling demurrer stricken out. Demurrer * * * to the additional pleas of res judicata are sustained". The record does not disclose the reason for the change. We dismissed an appeal from the latter action as being premature.

The appellant contends that the trial court lacked the power to alter the docket entry, under Rule 625, which provides that the court lacks revisory power over a judgment after the lapse of thirty days, except in cases of fraud, mistake or irregularity, and that there was no showing that the case falls within the exceptions. It is doubtless true that after the lapse of thirty days a trial judge is not at liberty to simply change his mind. Cf. *Cramer v. Wildwood,* 227 Md. 102, 107. But we may assume that the trial court was familiar with the Rule, and acted within the scope of his authority. Indeed, there is some evidence of mistake in the first entry itself, because if the plea in bar was good, in the absence of any issue of fact to be determined, it is conceded that the defendant would have been entitled to judgment on the pleadings. Hence, there would have been no occasion to make the entry, "Trial and jury", indicating that the case stood for trial and negativing an intention to enter judgment on the pleadings. It may well be that the clerk misunderstood the court's ruling. The trial court has the power to correct a clerical mistake at any time so as to make it conform to the truth. *Crawford v. Richards,* 193 Md. 236; *Md., Del. & Va. Rwy. Co. v. Johnson,* 129 Md. 412. Cf. *Roberts v. State,* 219 Md. 485, 488. In the absence of a judgment there could be no appeal, except as permitted by Rule 345 e. Cf. *State v. Feldstein,* 207 Md. 20, 28. We think the short answer to the whole contention is that Rule 625 is inapplicable, because no judgment was entered prior to the correction ordered by the trial court. In the absence of a statute

or rule, the matter would seem to be within the bosom of the court at least during the current term of court. Cf. *Jones v. State,* 214 Md. 525, 529. In any event it is clear that the validity of the plea in bar is reviewable on the present appeal.

The appellant contends that the demurrer to the plea of res judicata was improperly sustained, because the court in the first case had jurisdiction over the present parties as co-defendants, and the jury found that both were negligent in the same collision. It is admitted that there were no cross claims filed or litigated in the first case. It is also clear that cross claims are not compulsory under Maryland Rule 314 b. Cf. Federal Rule 13 (g) and cases hereafter cited. The point appears to be one of first impression in this State, but the great weight of authority seems to be contrary to the appellant's contention.

Sec. 82 of the Restatement of Judgments states: "The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves".

Illustration 1, comment b, states: "A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car".

The cases uphold the text. *Capps v. Whitson,* 160 S. E. 71 (Va.); *Byrum v. Ames & Webb, Inc.,* 85 S. E. 2d 364 (Va.); *Jackson v. Blue,* 152 F. 2d 67 (C.A. 4th), (applying Virginia law); *Gunter v. Winders,* 117 S. E. 2d 787 (N. C.) (overruling a case to the contrary); *Bunge v. Yager,* 52 N. W. 2d 446 (Minn.); *Casey v. Balunas,* 113 A. 2d 867 (Conn.); *Clark's Adm'x v. Rucker,* 258 S. W. 2d 9 (Ky.); *Gleason v. Hardware Mut.,* 106 N. E. 2d 266 (Mass.); *Nickadeit v. Kans. Power & Light,* 257 P. 2d 156 (Kan.); *Ray v. Consol. Freightways,* 289 P. 2d 196 (Utah); *Snyder v. Marken,* 199 P. 302 (Wash.); *Wiles v. Young,* 68 S. W. 2d 114 (Tenn.); *St. Paul Fire v. Dowdell,* 109 So. 2d 151 (Ala.);

*Bakula v. Schwab,* 168 N. W. 378 (Wis.); *Smith v. Williamson,* 256 P. 2d 174 (Okl.); *Pearlman v. Truppo,* 159 Atl. 623, cf. 160 Atl. 334 (N. J.); *Lowery v. Muse,* 151 A. 2d 263 (D. C. Min. app.); *Glaser v. Huette,* 249 N. Y. S. 374, cf. 256 N. Y. 686. See also the cases collected in notes 152 A.L.R. 1066, 142 A.L.R. 727, and 101 A.L.R. 104. In fact, the only jurisdiction holding to the contrary would appear to be Illinois. See *Stangle v. Chicago, R.I. & Pac. Ry.,* 295 F. 2d 789 (C.A. 7th) (applying Illinois law). The Pennsylvania law is not to the contrary. See *Greer v. Stanislau,* 118 F. Supp. 494 (E. D. Pa.), and *Kimmel v. Yankee Lines,* 125 F. Supp. 702 (W. D. Pa.), although in *Simodejka v. Williams,* 62 A. 2d 17 (Pa.), cited in *Keitz v. National Paving Co.,* 214 Md. 479, 496, it was held that where the original defendant filed a cross claim against the co-defendant, the plea was well founded. Unless the parties are adversaries under the pleadings in the former suit, they have not had an opportunity to adjudicate their rights as between themselves, and under the Rule are not compelled to do so. There is also a possible lack of identity of issues, as, for example, a question of last clear chance, not relevant in a suit by a guest passenger. Prosser, *Torts* (2d ed.) § 52, and cases cited *supra.* In 1 Poe, *Pleading* (5th ed.) § 656, the learned author states that one test of conclusiveness is whether the verdict and judgment in the former suit could not have been rendered without deciding the matter. Upon the circumstances of the instant case we hold that the plea of res judicata was not sustainable.

The appellant further contends that there was error in submitting to the jury the question of last clear chance. Objection to an instruction as to last clear chance was taken, on the ground that there was no evidence to support it. We must, therefore, state the relevant facts developed most favorable to the appellee's case. The appellee had driven to Church Creek to get his mail, and parked his car on the shoulder of the west side of Route 16, a highway 27 feet wide running through the village. After leaving the post office, he entered his car, pulled out in low gear and attempted to make a turn into a private driveway on the east side of Route 16, in order to

back out and turn around. When the front of his car was a few feet into the driveway, the right side was struck by a car going north at a fast rate of speed, estimated, by at least one witness, to be 70 miles per hour in a thirty mile zone. The road to the south of the village has a wide curve, but there was testimony that one could see a quarter of a mile from the point where the car had been parked. Ruark testified that there was no car in sight when he made his turn. Creighton testified that he was only about two car lengths away when Ruark made the turn. The witness, Richardson, testified that the car approaching did not slow down "and when I looked to see Mr. Ruark going into the driveway, then I looked at the car again, it was right on us then at the intersection * * * just so quick, there was a crash and the cars were torn up." He heard Creighton's tires squeal when his car was 40 or 50 feet away. Another witness testified: "He [Creighton] just came right on coming until, I think, possibly saw the other car and commenced to slow down as much as it could."

We think there is no factual basis here to invoke the doctrine of last clear chance. It is unnecessary to restate the rule, which has been so frequently, and so recently stated. See *Alston v. Forsythe,* 226 Md. 121, 135; *Dehn v. Matusak,* 224 Md. 14, 17; *Sears v. B. & O. R.R.,* 219 Md. 118, 125; *State, Use of Taylor v. Barlly,* 216 Md. 94, 103; *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, 512; *Peregoy v. Western Md. R.R.,* 202 Md. 203, 211; *B. & O. R.R. v. Leasure,* 193 Md. 523, 532; Restatement, *Torts,* § 479. The doctrine only applies in a case where both parties are negligent but there is a sequential act of negligence on the part of one. The act of the appellant in running at high speed through the village was clearly concurrent with the act of the appellee in turning in front of an oncoming car that was plainly visible to bystanders. There is no evidence that the appellant failed to "utilize with reasonable care and competence his *then existing* ability to avoid harming the plaintiff". (Italics supplied.) The witnesses most favorable to the plaintiff testified, in effect, that the appellant did the best he could to slow down when he realized that the other car was pulling across in front of him. There is no evi-

152

dence that, under the conditions then existing, he had an opportunity to avoid the collision. We may note that the case of *Penn. R. v. Simmons,* 159 Md. 114, cited by the appellee, was expressly overruled on the point of last clear chance, in *Martin v. Sweeney,* 207 Md. 543, 553.

For this error we think the case must be reversed and remanded for a new trial. The appellant does not seem to press on this appeal his demurrer to the evidence at the close of the whole case, and in any event we think there was enough conflict in the testimony on the issues of negligence and contributory negligence to warrant submission to the jury. Even if we assume, without deciding, that Creighton was the favored driver, being on his proper side of the road at the time of the accident, that would not necessarily excuse his excessive speed, if the appellee's testimony is believed. Cf. *Legum v. Hough,* 192 Md. 1, and *Eastern Contractors v. Zinkand,* 199 Md. 250. This is not a "boulevard" case, so that the relative speeds, distances and diligence are material. Cf. *Rabinovitz v. Kilner,* 206 Md. 455, 461. Since the case must be retried, we express no opinion on the other questions argued, concerning the use of testimony taken at the prior trial, and a reference to insurance by the police officer in cross-examination.

> *Judgment reversed and case remanded for a new trial, costs to be paid by the appellee.*