Charles T. **LESTER**, Administrator of the Estate of Harold Hugh Enfield, Appellant,

v.

**NATIONAL BROADCASTING COMPANY**, Inc., Philip Morris & Company, Ltd., Inc., and The Biow Company, Inc., Appellees.

No. 14088.

United States Court of Appeals Ninth Circuit.

Oct. 12, 1954.

Writ of Certiorari Denied

Feb. 28, 1955.

See 75 S.Ct. 444.

Jesse A. Levinson, Los Angeles, Cal., for appellant.

Cosgrove, Cramer, Diether & Rindge, John N. Cramer, Samuel H. Rindge and Hurd Thornton, Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CLARK, District Judge.

PER CURIAM.

By an independent suit in equity, No. 15,612, filed in the United States District Court for the Southern District of California, appellant sought to attack the integrity of the judgment rendered in cause No. 4,616 of said court. During the lifetime of plaintiff's intestate an attack on the integrity of the original judgment was made by the decedent by a timely motion in cause No. 4,616.[1] The attack failed after a hearing.

Later Enfield filed in the same district court case No. 8,288, which was an equitable action making direct attack on the integrity of the judgment rendered in case No. 4,616. Summary judgment was entered against Enfield in No. 8,288 and that judgment had become final sometime before commencement of this action in the same court, case No. 15,612. The death of Enfield occurred after the conclusion of case No. 8,288.

The judgment or ruling on the first direct attack made by Enfield by motion probably barred further attack on the integrity of the first judgment.

But, not relying on the adjudication on the motion in No. 4,616, this court holds that the judgment in the independent equity suit, No. 8,288, was sufficient basis for the summary judgment rendered in case No. 15,612.

In No. 8,288 and No. 15,612 there were identity of parties (Enfield and now his administrator) and identity of causes of action. In No. 15,612, some additional facts are alleged along with the facts pleaded in No. 8,288. However, a judgment's finality applies to facts which might have been pleaded with reference to the same event as well as to those actually pleaded and which became final by adjudication. This is necessarily true when the parties are the same. United States v. California & Oregon Land Company, 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

Any man's right to his day in court must be zealously protected. But appellant and his intestate have had their day. The principle of res judicata has a sound basis behind it. To permit repeated attacks on a judgment and to open up judgments years later on the second or third attack each time a new reason (really, here, an expansion of facts concerning the same reason) occurs to a party would soon lead to chaos.

If this court believed that the plaintiff herein or his intestate had not had one fair chance to test out the gravamen of his charges, it would speedily see that he was given that opportunity. A retrial cannot be permitted each time the plaintiff is able to expand his allegations about the same basic charge that the first judgment is not entitled to the presumption of integrity.

The judgment is affirmed.

---

1. In action No. 4,616, upon the trial of the cause the trial judge directed the jury to return a verdict in favor of the defendants (appellees in the principal case) and against appellant's intestate. The motion to vacate the judgment was heard by a judge other than the one who directed the verdict.

A third district judge heard action No. 8,288 and a fourth one determined cause No. 15,612, both mentioned hereinafter.