373 F.2d 380
 Herbert TRAPP, T. A. McGaughey, F. J. Kailer, J. A. Todd, and Vincent Bogart, as the Board of Trustees of the Firemen's Pension Fund, and Ralph A. Klose, City Treasurer of the City of Wichita, Appellants,
v.
Peggy J. GOETZ, Appellee.
 No. 8402.
 United States Court of Appeals Tenth Circuit.
 July 29, 1966.
 
 Eugene Pirtle and H. Jay Setter, Wichita, Kan. (John Dekker, Wichita, Kan., with them on the brief), for appellants.
 Harry L. Hobson, Wichita, Kan. (J. Francis Hesse and Stephen M. Blaes, of Jochems, Sargent & Blaes, Wichita, Kan., with him on the brief), for appellee.
 Before BREITENSTEIN, HILL and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 Appellee commenced this action in the United States District Court for the District of Kansas by the filing of a complaint which asserted that she was the widow of a member of the Wichita Fire Department, that the Board of Trustees of the Firemen's Pension Fund had denied her benefits under a Kansas statute relating to firemen's pensions, and a money judgment was sought. Appellants, the trustees of the pension fund and the city treasurer, in their answer denied that the appellee was entitled to relief, and asserted that the federal court had no jurisdiction.
 
 
 2
 The United States District Judge who handled the pretrial proceedings overruled the appellants' assertions as to lack of jurisdiction, found that diversity jurisdiction existed, and found it was not necessary to consider a due process argument of lack of notice and hearing which had been raised by the appellee. The judge further held that the plaintiff had asserted a claim for relief and that she at trial would have to establish the alleged contractual relationship arising under the statute providing for a pension and the breach thereof.
 
 
 3
 The case was thereafter tried to a jury. The trial judge was different from the one who held the pretrial proceedings. He submitted the case to the jury upon two questions for a special verdict. The jury answered one of the questions, but did not answer the other. On the basis of the answer given the trial court entered judgment for the plaintiff.
 
 
 4
 Some consideration of the proceedings which antedated the appellee's complaint is necessary. The record shows that appellee's husband, a Wichita fireman, was denied a pension by the appellants which he claimed was due him by reason of a heart condition incurred during the course of his duties. The fireman thereafter sought a writ of mandamus in the state district court, and an order directing payment of his pension. This procedure was followed since there is no express statutory provision for appeal from or review of the action of the board of trustees of the Wichita Firemen's Pension Fund. The court upheld the action of the board, after a remand with a board rehearing, and from this ruling the fireman took an appeal to the Kansas Supreme Court. The Supreme Court affirmed the district court's action on June 6, 1964. However, some five months before the Kansas Supreme Court acted on the case, the fireman died. On January 21, 1964, the appellee-widow of the fireman filed her claim with the pension board for a pension as a widow. Thus her claim was filed before the Kansas Supreme Court had acted upon the claim of her husband.
 
 
 5
 The record shows that on March 4, 1964, the board met, and among other matters presented was the application of appellee for a pension. The board minutes recite that the board members had read her application prior to the meeting, but on motion made and seconded it was decided that no action be taken until the state Supreme Court had decided the appeal of appellee's deceased husband. The appellee was advised by letter of the board's resolution. The letter stated that the board was not in a position to hold a hearing upon the application, and that it was awaiting the decision of the Supreme Court on the claim of her deceased husband.
 
 
 6
 The record thus shows that the administrative board made no decision on the merits of appellee's claim. It received the claim, but the minutes of the meeting and the correspondence show that action was deferred until the state Supreme Court had acted. Thus there had been no final determination on the merits. Under this state of facts, a court could not interfere with the administrative proceedings. This action with which we are here concerned was filed in the federal district court before the Kansas Supreme Court had acted; and consequently, the pension board had no opportunity to proceed further.
 
 
 7
 Where a court has the power and authority to consider action of administrative bodies, there must be a reviewable decision of the board, and here there is none. St. Germaine v. Alamo Motor Lines, 252 F.2d 10 (5th Cir.). A federal court cannot undertake functions which are properly those of an administrative agency. Converse v. Commonwealth of Massachusetts, 101 F.2d 48 (2d Cir.).
 
 
 8
 Even if it be considered that there was final action taken by the board, as urged by the appellee, the United States District Court had no power to consider an appeal from the state administrative tribunal. Such a proceeding is not within its statutory jurisdiction. The appellee in her complaint asserted that her application for benefits was denied by the board, and that it continued to refuse to pay. The complaint so asserting denial of relief by the board was in reality an appeal from the board's action. No such appeal lies to the United States District Court. This issue was considered by the United States Supreme Court in Chicago, R. I. & P. R. R. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317, which arose in a different manner, but where the same principle was applied. There the Court held that a United States District Court could not review an appeal action taken either administratively or judicially in a state proceeding. The Court there cited Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424, an equitable action where the Court also held in substance that a United States District Court could not be changed into an appellate tribunal. See also General Inv. & Serv. Corp. v. Wichita Water Co., 236 F.2d 464 (10th Cir.). Thus the presence of diversity of citizenship and of the requisite amount in controversy is not always sufficient to provide jurisdiction to a United States District Court where the proceedings originate in the administrative or judicial acts of a state. An appeal from a state administrative board is not a "civil action" as required by 28 U.S.C.A. § 1331 or § 1332. The district courts are, of course, courts of limited jurisdiction and the jurisdictional statutes are closely construed. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; F & S Construction Co. v. Jensen, 337 F.2d 160 (10th Cir.); Buell v. Sears, Roebuck and Co., 321 F.2d 468 (10th Cir.).
 
 
 9
 If on the other hand the proceedings in the United States District Court were not an appeal, then they were an orginal action there commenced to obtain a pension. Appellee alleges a contractual right, and in oral argument such a right to bring an original action was indicated by appellee. There is however no showing that the Kansas state courts would have any jurisdiction to hear such an original proceeding and so to bypass the administrative agency. If the state court has no such authority the federal district court has none. We so held in Erwin v. Barrow, 217 F.2d 522 (10th Cir.), and Britton v. Dowell, Inc., 237 F.2d 630 (10th Cir.).
 
 
 10
 There is no substance to the due process argument asserted by the appellee as the basis for jurisdiction of the trial court. The record clearly shows that no decision was made on the merits of her application, and all that was done by the board was to defer action. Thus there is no issue of a denial of benefits without notice and hearing because there was no denial.
 
 
 11
 For the reasons hereinabove stated, the case is reversed with directions that the cause be dismissed.