No. 45,316

Peggy J. Goetz, *Appellant,* v. The Board of Trustees, Policemen's and Firemen's Retirement System, City of Wichita, *Appellee.*

(454 P. 2d 481)

Opinion filed May 17, 1969.

*Harry L. Hobson* and *J. Francis Hesse,* both of Wichita, argued the cause and were on the brief for the appellant.

*H. Jay Setter,* of Wichita, argued the cause, and *John Dekker* and *Eugene Pirtle,* both of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the widow of a deceased fireman from an order of the district court upholding the action of the Board of Trustees, Policemen's and Firemen's Retirement System of the city of Wichita, denying the widow's pension.

The underlying question involves the construction of K. S. A. 13-14a07—whether the widow's right to a pension is dependent upon the right of her deceased husband, while living, to a pension.

Lawrence C. Goetz, the husband of Peggy J. Goetz (plaintiff-appellant) was employed by the Wichita Fire Department as a fireman from May 9, 1955, through April 21, 1961.

Lawrence filed his resignation as a fireman with the Wichita Fire Department, in writing, on the 22nd day of April, 1961, having filed his application for a disability pension on the previous day.

The Board of Trustees of the Wichita Firemen's Pension Fund, during the lifetime of Lawrence, denied his application for a disability pension on the 4th day of August, 1961.

Thereafter Lawrence filed a mandamus action in the district court of Sedgwick County, Kansas, and at the direction of the district court the Board of Trustees gave Lawrence a rehearing upon his application for a pension. As a result thereof the Board of Trustees denied Lawrence a pension. The district court in the mandamus action thereupon considered the record of the proceedings before the Board of Trustees, together with oral testimony of members of the Board, and on the 31st day of August, 1962, upheld the action of the Board denying the pension.

Thereafter Lawrence appealed to the Supreme Court where the decision of the district court was affirmed in *Timmons, Administrator v. McGaughey*, 193 Kan. 171, 392 P. 2d 835. Pending the appeal Lawrence Goetz died and the action proceeded in the name of his administrator, Timmons. Lawrence died at the age of thirty-six years and was survived by his wife, Peggy, and eight minor children.

The Supreme Court found there was substantial evidence to provide a rational basis for the conclusion of the administrative board denying Lawrence's application for a pension. In the opinion the court said:

". . . It is evident that the testimony obtained by the Board failed to supply the evidence upon which the plaintiff's pension could have been allowed, but, *on the contrary, apparently satisfied the Board that his disability was not service connected.* In arriving at its conclusion that *the plaintiff was ineligible under the statute for a pension,* the record discloses that the Board took into consideration all of the medical evidence before it, including the letters of the three doctors submitted by plaintiff when he filed his application for a pension." (p. 180.) (Emphasis added.)

Further in the opinion the court said in commenting on the Board's findings:

". . . The findings of the Board were supported by competent and substantial evidence and from our review of all the facts and circumstances, its denial of plaintiff's application for his pension was not unreasonable, arbitrary or oppressive, and the district court did not err in denying the writ of mandamus. . . ." (p. 181.)

On the 4th day of March, 1964, the Board of Trustees met to consider the application of Peggy J. Goetz for a pension. Her application for a pension was in the form of a letter and dated January 21, 1964. This application was delivered to the Board of Trustees following the death of Lawrence, and while the appeal of Lawrence was pending in the Supreme Court of Kansas. The Board advised Peggy by letter that no action could be taken on her application

pending the outcome in the Supreme Court of the case appealed by her husband, Lawrence, while he was living.

On the 6th day of May, 1964, one day after the appeal in the *Timmons* case was argued in the Supreme Court, Peggy in a separate cause of action filed a suit in the United States District Court alleging that she was entitled to a widow's pension, her husband having died in the state of Missouri on the 31st day of December, 1963, following his change of residence from the state of Kansas to the state of Missouri.

The case in the United States District Court was tried to a jury, and the court found upon special questions answered by the jury generally in favor of Peggy. Thereupon the city of Wichita and the Board of Trustees appealed the decision of the United States District Court to the United States Court of Appeals for the Tenth Circuit on the 29th day of July, 1966, where the judgment of the district court was reversed and the cause of action dismissed. (*Trapp v. Goetz*, 373 F. 2d 380 [10th Cir. 1966].) The Court of Appeals found in effect that the United States District Court lacked jurisdiction to hear the matter, and among other reasons, stated the Board of Trustees had never made a determination based on Peggy's application and the action was premature.

The Board of Trustees then notified Peggy her application would be considered by the Board on the 14th day of September, 1966.

At the hearing before the Board on the 14th day of September, 1966, Peggy presented her evidence. In addition to introducing the application and the various letters between the secretary of the Board and Peggy, counsel for Peggy read a narrative statement which consisted of the testimony given in the United States District Court for the District of Kansas. All of this evidence was favorable to Peggy in that the doctors who testified all connected the disability and death of Lawrence Goetz to his work as a fireman for the Wichita Fire Department. The Board of Trustees was furnished a complete transcript of the record in the United States District Court, as well as a copy of the opinion reversing that court by the United States Court of Appeals for the Tenth Circuit.

At the hearing on the 16th day of November, 1966, the chairman of the Board of Trustees announced that the attorneys for the Board had presented no testimony or evidence since the meeting of September 14, but the secretary of the board stated:

"MR. LAUCHLAND: The board does not have in its possession the file of Mrs. Goetz's application, the related file, and the board, of course, has referred to that file."

The related file included the application of Lawrence, the original mandamus action in the Sedgwick County district court, and the appeal therefrom to the Supreme Court of Kansas.

On the 1st day of December, 1966, Peggy was notified that her application had been denied, the notice reading:

"The Board of Trustees has concluded that:

"1. Your husband, Lawrence C. Goetz, was not an employee of the City of Wichita at the time of his death on December 31, 1963; and

"2. Mr. Lawrence C. Goetz was not retired from the City of Wichita within the meaning of the statutes.

"Based on the aforesaid information, the Board of Trustees of the Policemen's and Firemen's Pension Fund has further concluded that you, Mrs. Peggy Goetz, are not eligible to receive a widow's pension under the provisions of the statutes, and therefore, deny your application."

Thereafter on the 30th day of December, 1966, Peggy appealed to the district court pursuant to K. S. A. 60-2101.

Counsel for the appellant, upon joinder of issues, filed and served notice to take depositions, which the trial court stayed pending a pretrial conference.

At the pretrial conference the district court heard the statements and arguments of counsel and thereupon entered judgment for the Board of Trustees.

The district court made reference to the *Timmons* case wherein it was determined that Lawrence C. Goetz was not entitled to a pension based upon a heart condition from which he later died, and upon which Mrs. Goetz now claims to be entitled to a pension. The court further stated:

"Also, as I remember in the other case, Mr. Goetz was at that time not a member of the fire department, nor was he retired from the fire department.

"Based upon the findings in the prior case, it is the opinion of this Court that the present plaintiff, Mrs. Goetz, can not now come into court and ask for a pension based upon the death of Mr. Goetz as a result of a heart condition. Therefore, the Court will render judgment for the Defendants herein."

The appellee contends the facts and issues involved in this case were before the Kansas Supreme Court on a previous occasion in *Timmons, Administrator v. McGaughey,* supra. There the Board of Trustees found Lawrence C. Goetz, husband of the appellant herein, was ineligible under the statute for a pension and that his disability

was not service connected, and its action was affirmed as heretofore indicated.

The appellant's claim for pension benefits is recited in her application to the Board of Trustees. It states:

". . . Claim is made pursuant to G. S. Kan. 1949, § 13-14a07 on the ground that Lawrence C. Goetz died 'of any disease contracted by reason of his occupation as a . . . fireman', and died 'after having retired and (left) a widow.' "

K. S. A. 13-14a07 provides in part:

"(a) If any officer or member of such police or fire departments, while in the performance of his duties, be killed or die as a result of an injury received, or should die of any disease contracted by reason of his occupation as a policeman or fireman, or should die after having retired and leave a widow, said widow, so long as she remains a widow, shall receive, monthly, a pension in an amount equal to fifty percent of the monthly salary of the deceased: . . .

"(b) If any officer or member of such fire or police department, after having become eligible for retirement as is hereinafter provided, shall be killed while not in the performance of his official duties, or dies, then an amount equal to fifty percent of his monthly salary shall be paid to the persons classified in subsection (a) of this section and for the periods of time fixed in said subsection (a) and subject to all the limitations thereof."

In view of the foregoing statute it is apparent, if the appellant is to prevail on her claim for pension benefits, she must establish that her husband, Lawrence C. Goetz, died of a disease contracted by reason of his occupation as a fireman or died after having retired.

The word "retire" or "retired," as used in the Employees' Retirement Systems Act, has a defined meaning. It denotes considerably more than resigning or terminating employment.

The word "retire," as used in 13-14a07, *supra*, is defined in the next section of the act, K. S. A. 13-14a08. It reads in part:

"Any officer or member of any such police department or fire department having served twenty-two years or more on such department and having reached the age of fifty years may make application to be retired, and if such application is made the respective board of trustees shall retire such officer or member and shall pay him monthly payments in an amount equal to fifty percent of his monthly salary at the date of his retirement, . . ."

Thus, the word "retire" or "retired," as used in the act, must be construed to mean termination of employment under the conditions specified which entitle the employee to pension benefits. Clearly, Lawrence C. Goetz was not entitled to pension benefits as a "retired" fireman under the act. He had only worked as a fireman six years, and he was only thirty-six years of age at the time of his death.

The only ground, therefore, under the statute upon which the appellant herein could possibly be entitled to a widow's pension would be that her husband died of a disease contracted by reason of his occupation as a fireman.

The appellant takes the position that her right to a widow's pension under 13-14a07, *supra,* is independent of any right which her husband may have had under the statute prior to his death.

Upon this theory the appellant contends the court erred in failing to review proceedings before the Board of Trustees in accordance with K. S. A. 60-2101 (*a*). It is argued the district court neither reviewed the proceedings before the Board nor considered anything *de novo;* that it summarily dismissed the matter at a purported pretrial conference based upon the court's knowledge of a prior proceeding which was between different parties and concerned different issues. It is argued there was absolutely no attempt on the part of the district court to determine whether there was support in the record for the findings made by the administrative body.

An extended discussion of the appellant's contentions relative to 60-2101 (*a*), *supra,* is unnecessary in this opinion. Construction of the appeal statute in our new code of civil procedure was recently before this court involving an appeal by a fireman claiming the right to relief under the Firemen's Relief Act in *Lauber v. Firemen's Relief Association,* 202 Kan. 564, 451 P. 2d 488. There the court held:

"Under the provisions of K. S. A. 2101 (*a*) an aggrieved party may appeal from a final order of an administrative agency or tribunal exercising quasi-judicial functions to the district court.

"The provisions of K. S. A. 60-2101 (a) are construed and it is *held* they do not authorize the district court to consider an appeal from an administrative agency or tribunal in a trial *de novo,* nor do they enlarge the jurisdiction of the district court to review administrative matters beyond limitations heretofore imposed by the law of this state. The application of the provision therein for expanded jurisdiction over appeals from judicial bodies lies only in cases where the district court would have had original jurisdiction in the first instance.

"A district court may not, on appeal, substitute its judgment for that of an administrative agency or tribunal, but is restricted to considering whether, as a matter of law: (*a*) the tribunal acted fraudulently, arbitrarily or capriciously; (*b*) the administrative order is substantially supported by evidence; and (*c*) the tribunal's action was within the scope of its authority." (Syl. ¶¶ 1, 2 and 3.)

Contrary to the appellant's argument that the district court failed to review the record of the proceedings before the administrative tribunal, the district court took into consideration the denial of a

pension to the appellant's husband, as disclosed by the proceedings in *Timmons, Administrator v. McGaughey,* supra.

Counsel for the appellant in presenting the appellant's case to the Board of Trustees reviewed the history of the proceeding commencing with the resignation (referred to by the appellant as "retirement") of Lawrence from the Wichita Fire Department, substantially as the facts have heretofore been related. The file pertaining to the application of Lawrence C. Goetz for a pension was before the Board of Trustees when it considered the appellant's application for a widow's pension, and the same trial judge who heard the mandamus action in *Timmons* heard the appeal of Peggy in this case.

If, as a matter of law, the right of the appellant to a widow's pension under 13-14a07, *supra,* is dependent upon her husband's right to a pension following his termination of service with the Wichita Fire Department, then evidence on the question whether her husband died of a disease contracted by reason of his occupation as a fireman, independent of the proceeding wherein the husband's application for a pension was denied, is immaterial.

On this point the appellant contends the trial court erred in relying upon the judgment in another action (the *Timmons* case) between different parties with different issues as a basis for the judgment herein. The appellant argues it is apparent from a reading of the journal entry of judgment of the district court that it relied on the determination by the Supreme Court in the *Timmons* case. Further arguing the appellant says:

".  .  . Though there is no reference in the journal entry of judgment to the application of the doctrine of *res judicata* it is apparent that that principle served as the basis on which the district court rendered its judgment. The application of that doctrine was wholly inappropriate here.

"Fundamental to the utilization of the doctrine of *res judicata* is a prior action between the same parties determining the same issues.  .  .  ."

The appellant relies upon the nature of the doctrine of *res judicata* as set forth in *Jayhawk Equipment Co. v. Mentzer,* 191 Kan. 57, 379 P. 2d 342, where the court said:

"The doctrine of res judicata is plain and intelligible, and amounts simply to this—that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal cannot afterwards be litigated by a new proceeding, either before the same or any other tribunal." (p. 61.)

Here it is argued the words "between the parties" are significant; that the action on which the district court relied was one filed by a

living ex-fireman succeeded by the administrator of his estate and the Board of Trustees of the Firemen's Pension Fund of the city of Wichita concerning the fireman's right to a pension under G. S. 1949 (now K. S. A.) 13-14a09; that this action is brought by the widow of that fireman against a different Board of Trustees on a different application for benefits under a different statutory provision; and that the matter is not between the same parties and *res judicata* has no application.

The appellant contends the issues are entirely different. It is said the findings in the *Timmons* case were that the administrative board had not acted arbitrarily and capriciously in denying the application of Lawrence C. Goetz for his pension, while the fact issues which required a determination in the case now on appeal were whether the fireman had died as a result of a disease contracted by reason of his occupation as a fireman, or whether he died after having retired and left a widow.

As heretofore noted, the appellant is not entitled to a pension on the ground that her husband had "retired."

If the appellant's right to a pension is dependent upon her husband's right to a pension while living, the argument of the appellant that the trial court erred in rendering judgment before refinement of the issues and review of the facts, and in refusing to permit the appellant to take depositions, is inconsequential and has no merit.

The basic question before the district court, considering this matter on appeal from the administrative tribunal, and on the appeal to this court, is a point of law.

We believe the better reasoned cases support the proposition that a final determination made by an administrative agency, as in the instant case, rendered during the fireman's lifetime upon his assertion that his disability was the result of a disease contracted by reason of his occupation as a fireman, thereby entitling him to a pension, is binding upon his widow when she raises the same issue after his death in the presentation of her claim for a widow's pension.

It would be improper to say this results from an application of the doctrine of *res judicata* because we are dealing with administrative proceedings. The concepts of claims and causes of action are much less important in administrative proceedings than in court cases. Therefore, most problems of *res judicata* in administrative law involve collateral estoppel, for the operation of which the issues must be identical. Only rarely do the problems of identity of claims or causes of action arise.

The traditional doctrine of *res judicata* as applied in the judicial system is inexorable in making a judgment binding so as to shut off further inquiry no matter how clear the mistake of fact or how obvious the misunderstanding of law. The interest of the parties and of the public in ending litigation normally bars a party who has had his day in court from further pressing the same claims or the same defenses. Under the principles of bar and merger a judgment for the defendant bars the plaintiff from again asserting the same claim and a judgment for the plaintiff prevents the plaintiff from trying to get more, the theory being that the cause of action has merged in the judgment. When a cause of action is merged in or barred by a judgment, the judgment is binding no matter what issues were or were not actually litigated; it is binding even as to matters which might have been but were not actually litigated. The doctrine of collateral estoppel is different from the doctrine of *res judicata*. Instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of the same issues between the same parties or their privies even in connection with a different claim or cause of action. (Davis, Administrative Law Text, § 18.04, p. 330.)

The foregoing principle was recognized in *Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825.

A classical statement is that of the United States Supreme Court in *Cromwell v. County of Sac,* 94 U. S. 351, 24 L. Ed. 195, where it was said:

". . . there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . . .

"But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. . . ." (pp. 352, 353.)

Another distinction between the two doctrines, *res judicata* and collateral estoppel, is that collateral estoppel does not require mutu-

ality of parties. (*State of Michigan v. Morton Salt Company*, 259 F. Supp. 35, 65 [D. Minn. 1966] affirmed 377 F. 2d 768.)

Here it must be conceded the widow's claim for a pension under K. S. A. 13-14a07 is a different claim or cause of action from her husband's claim for a disability pension under K. S. A. 13-14a09, but her right to a pension is dependent upon a determination of the issue whether her husband's death was the result of a disease contracted by reason of his occupation as a fireman. The Board found her husband's disability was not service connected and it therefore denied him a pension. The same disability which the Board considered and found not to be service connected—a diseased heart condition—was the result of his death. The issue as to whether the husband's diseased heart condition was contracted by reason of his occupation as a fireman is the same in the widow's claim for a pension as it was when her husband made application for a pension as a fireman.

Under a statute such as 13-14a07, *supra,* the first consideration, of necessity, must be given to the question whether the injury or disease is compensable. Once this is determined the next question must be: Who is entitled to the benefits? If the first question is determined in the negative, then no one, neither the fireman nor his widow or dependents, is entitled to the benefits.

We think the doctrine of collateral estoppel applies here and precludes the widow from the benefits under the statute.

Under the doctrine of collateral estoppel the Board's determination of the husband's right to a pension in his lifetime adverse to him, which became final upon litigation in the courts, precludes the widow from relitigating the issue actually determined therein, regardless of whether it is based on a different claim or cause of action by the widow for a pension. (*Lawlor v. National Screen Service,* 349 U. S. 322, 99 L. Ed 1122, 75 S. Ct. 865.)

Without question the appellant herein derived any and all rights she may have had to pension benefits from and through her deceased husband. This being so, the appellant in this case is in privity with her deceased husband. They are identified in interest by their succesive relationship to the same rights in property, that is, pension benefits.

There is no generally prevailing definition of "privity" which can be automatically applied to all cases. A determination of the question as to who are privies requires careful examination into the cir-

cumstances of each case as it arises. It has been held that all persons are privies to a judgment who succeed to the estate, interest or right to the property thereby adjudicated or affected, where such succession was derived through or under one or other of the parties to the action, and accrued subsequent to the commencement of that suit or subsequent to the rendition of the judgment; and one is not a privy to a judgment where his succession to the rights of property thereby affected occurred previous to the institution of the suit. (50 C. J. S., Judgments, § 788, p. 324.)

There is no legal privity between husband and wife in the sense that a judgment for or against the one will conclude the other, where the action concerns their separate property, rights or interests not derived from each other. Consequently, judgments for or against one spouse have been held not to be binding on the other spouse where the latter is not a party to the suit. Under some circumstances, however, a judgment against one spouse is binding upon the other spouse. A wife will be concluded by a judgment in an action for or against her husband with respect to any right she claims through or under him. (50 C. J. S., Judgments, § 798, p. 342; *Fischbach v. Auto Boys*, 106 N. Y. S. 2d 416; see also, *Stephens v. Snyder*, 65 Ga. App. 36, 14 S. E. 2d 687; and *Jess v. Great Northern Railway Company*, 401 F. 2d 535 [9th Cir. 1968].)

In *Kayler v. Gallimore*, 269 N. C. 405, 152 S. E. 2d 518, the court said:

"It is also well settled that the privity, which will create an estoppel by judgment against one not a party to the former action, denotes a mutual or successive relationship to the same right. . . ." (p. 408.)

The Oklahoma Supreme Court in *Acord v. West*, 421 P. 2d 238 (Okla. 1966) quoted from *Uphoff v. Meier*, 184 Okla. 378, 87 P. 2d 960, as follows:

" 'Under the doctrine of estoppel by judgment, a fact, right, or question actually litigated and determined by a court of competent jurisdiction may not again be litigated in subsequent action between the same parties or their privies, even though involving a different cause of action.' " (p. 241.)

The binding effect of a judgment as to the parties to the action and those in privity with them was considered in *Rost v. Heyka*, 133 Kan. 292, 299 Pac. 969; and *Lodge v. Order of United Commercial Travelers*, 125 Kan. 26, 262 Pac. 598.

The doctrine of estoppel by judgment is analogous to the doctrine of collateral estoppel, but it would be improper in a technical sense

to say this court is applying the doctrine of estoppel by judgment in the instant case. A situation may arise where an administrative board denies a fireman a pension during his lifetime, which the fireman accepts without appeal to the courts. Thereafter upon his death the widow may claim a pension based upon the issue previously determined by the administrative board, as here. Under these circumstances the doctrine of collateral estoppel would preclude the widow from asserting her claim based upon the same issue previously determined by the administrative board, no judgment ever having been rendered as a result of the prior determination.

The facts and circumstances upon which the Board of Trustees based its original determination—that Lawrence C. Goetz was not entitled to a pension because his disabling diseased heart condition (from which he later died) was not contracted by reason of his occupation as a fireman—had not changed. Therefore, the Board and the trial court properly found the same facts and circumstances could not thereafter be the basis for the allowance of a widow's pension. She is collaterally estopped from relitigating the same issue which the Board previously determined. Her rights to a widow's pension are dependent upon her husband's right to a pension while he was living.

The real issue before the Board of Trustees in the original action by the appellant's husband, as well as in this action, was simply: whether the diseased heart condition of Lawrence C. Goetz which disabled him was contracted by reason of his occupation as a fireman. When this question was determined in the negative by the Board during the lifetime of Lawrence, it was conclusive upon his rights to a pension and became equally conclusive of any rights which may have existed on behalf of his widow after his death.

The summary disposition of a cause may logically and properly follow a pretrial conference when the pretrial procedures disclose the lack of a disputed issue of material fact, and the facts so established indicate an unequivocal right to judgment favoring a party. (*Wirtz v. Young Electric Sign Company,* 315 F. 2d 326 [10th Cir. 1963]; and *Lynch v. Call,* 261 F. 2d 130 [10th Cir. 1958].)

The summary judgment procedure (K. S. A. 60-256) can be utilized to invoke the doctrine of collateral estoppel. This has been settled by applying the doctrine of *res judicata* in cases under Rule No. 56, Federal Rules of Civil Procedure (28 U. S. C. A.), which is identical to 60-256, *supra,* in *Lester v. National Broadcasting Com-*

*pany,* 217 F. 2d 399 (9th Cir. 1954), cert. denied 348 U. S. 954, 99 L. Ed. 746, 75 S. Ct. 444; and *Gorski v. Commercial Insurance Co. of Newark, N. J.,* 206 F. Supp. 11 (E. D. Wis. 1962).

The issues to be determined in this case were fully before the trial court, and it correctly applied the law to the facts in upholding the decision of the Board of Trustees, the appellee herein.

The judgment of the lower court is affirmed.