**STATE OF OKLAHOMA ex rel. G. T. BLANKENSHIP, Attorney General, Plaintiff,**

v.

**C. R. SMITH, Secretary of Commerce, as Chairman and Executive Officer of the Foreign Trade Zones Board, Henry H. Fowler, Secretary of the Treasury, and Stanley R. Resor, Secretary of the Army, as members of the Foreign Trade Zones Board and otherwise, Richard H. Lake, as Executive Secretary, and Richard E. Hull, as Acting Executive Secretary, Foreign Trade Zones Board, and Stewart L. Udall, as Secretary of the Interior and otherwise, Elmer L. Hoehn, As Administrator, Oil Import Administration, Department of the Interior, Defendants.**

Civ. No. 68–473.

United States District Court,
W. D. Oklahoma.

May 21, 1970.

G. T. Blankenship, Atty. Gen., Carl Engling, Asst. Atty. Gen., Oklahoma City, Okl., for plaintiff.

Wm. R. Burkett, U. S. Atty., Oklahoma City, Okl., for defendant.

## ORDER DISMISSING ACTION

DAUGHERTY, District Judge.

Plaintiff brings this action for a declaratory judgment and injunctive relief to declare illegal and enjoin certain pending proceedings before the Foreign Trade Zones Board (Board)[1] and the Secretary of the Interior (Secretary).[2] The proceeding before the Board is on the application of Occidental Petroleum Corporation for a Foreign Trade Zone and a Foreign Trade Sub-zone. The proceeding before the Secretary is on the application of The New England Refinery Associates, Inc., for a license to import foreign crude oil into the proposed Foreign Trade Sub-zone above mentioned and a further license to import a quantity thereof into the United States.

■ Plaintiff alleges that these proceedings are pending and it is undisputed that neither administrative agency has taken final action on the application before it. It is the general rule that courts will not become involved for obvious reasons in administrative agency proceedings until final action is taken by the agency. 5 U.S.C.A. § 704; Aircraft and Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1946); Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962); Abbott Laboratories v. Gardner, 387 U.S. 136 at pages 148–149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Macauley v. Waterman Steamship Co., 327 U.S. 540 at pages 543–545, 66 S.Ct. 712, 90 L.Ed. 839 (1946); Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375 at page 385, 58 S.Ct. 963, 82 L.Ed. 1408 (1938); Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41 at pages 50–51, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Federal Power Commission v. Arkansas Power & Light, 330 U.S. 802, 67 S.Ct. 963, 91 L.Ed. 1261 (1947); Trapp v. Goetz, 373 F.2d 380 (Tenth Cir. 1966); Sinclair Oil Corporation v. Smith, 293 F.Supp. 1111 (S.D.N.Y. 1968). But Plaintiff urges an exception when the administrative agency lacks jurisdiction to entertain the application before it or is failing to follow its own rules and regulations in treating with the application before it. Plaintiff alleges in its Complaint a lack of jurisdiction on the part of each administrative agency and that the proceedings and threatened actions, decisions and orders therein exceed the authority of the Defendant Agencies. By the Defendants' Motion to Dismiss now under consideration by the Court, the Defendants rely on the pendency of the two administrative proceedings with no final action in either and urge that as a matter of law each agency has jurisdiction to receive and entertain the application before it and as a consequence this action is premature and the Court has no jurisdiction to proceed.

■ The Court concludes that the Motion to Dismiss should be granted. Plaintiff's Complaint shows the two administrative proceedings to be pending and does not allege final action in either. Moreover, the Court is satisfied from an examination of the applicable laws that the Board clearly has jurisdiction to receive and entertain the application before it and that the Secretary likewise clearly has jurisdiction to receive and entertain the application before him. Sinclair Oil Corporation v. Smith, supra.

Plaintiff has requested in its Brief in Opposition to Defendants' Motion to Dismiss that the Court retain jurisdiction of this cause for a reasonable period of time, ostensibly on the basis that one or both of the administrative agencies involved will eventually take final action on the application before it or them and that judicial review will then be in order should the final action be favorable to the applicant. This case was

---

1. Created pursuant to 19 U.S.C.A. § 81a et seq., as amended.

2. Pertaining to the Mandatory Oil Import Program pursuant to 19 U.S.C.A. § 1862 and Presidential Proclamation No. 3279 of March 10, 1959.

filed in this Court on November 21, 1968. At the suggestion of counsel, the Court has let this matter drag along for far beyond a reasonable period of time. The point has now been reached when this is the only case pending before this Court in the Western District of Oklahoma not disposed of and which was filed in calendar year 1968 except one case which has been abated by agreement by both sides awaiting an authoritative decision in our Court of Appeals. As this case has now been pending for a year and a half, the Court is not inclined to keep it aboard any longer. Plaintiff can refile if and when it is hurt by final administrative action. The Complaint of Plaintiff is therefore dismissed for the foregoing reasons this 21 day of May, 1970.