No. 48,034

GEORGIA WILLIAMS, d/b/a LIBERAL TAXI COMPANY, *Appellee*, (DELTA LUCILLE HERMAN, Individually and as guardian and Conservator of RHONDA SUE HERMAN, SHAWN RAYMON HERMAN and CHRISTOPHER TODD HERMAN, Minors, *Plaintiff*.) v. EDWARD EVANS a/k/a EDDIE EVANS, *Appellant*.

(552 P. 2d 876)

Opinion filed July 23, 1976.

*Robin L. Wick*, of Turner and Hensley, Chartered, of Great Bend, argued the cause, and *Lee Turner* and *Raymond L. Dahlberg*, of the same firm, were on the brief for the appellant.

*Michael P. Dreiling*, of Liberal, argued the cause, and *Gene H. Sharp*, also of Liberal, was with him on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: This case is one of several stemming from a two car crash on August 27, 1970, in the city of Liberal. The issue is whether a personal injury judgment in favor of a passenger in one car against both his driver and the driver of the other car has any binding effect in a subsequent action between the two drivers. We hold that it does not.

One car was a taxi driven by Anthony Herman and owned by the appellee Georgia Williams, doing business as the Liberal Taxi Company. The second vehicle was driven by the appellant Edward Evans; Marilyn Evans and Gary Vaughn were his passengers. Herman, the taxi driver, was killed and all occupants of the Evans vehicle were injured.

Gary Vaughn, a passenger in the Evans car, sued his driver and the taxi company. As to his driver he alleged gross and wanton negligence, as required by the guest statute (K. S. A. 8-122b, now repealed). As to the taxi company he alleged simple negligence on the part of its agent, the taxi driver Herman. Marilyn Evans, the other passenger in the Evans car, filed an action only against the taxi company. The two actions were consolidated for trial, resulting in verdicts for both plaintiffs.

The appellee taxi company filed a third party petition against Evans and Vaughn alleging gross and wanton negligence causing the destruction of its taxi. The claim against Vaughn was later dismissed on motion of the taxi company, leaving standing its claim against Evans, the driver of the private vehicle. He answered the company's petition by denying gross and wanton negligence on his part and alleging simple contributory negligence on the part of the taxi driver Herman. He also counterclaimed against the company for damage to the vehicle he was driving. These third party claims were severed from the actions of the two passengers, and all issues in the third party actions were reserved for trial at a later time. They were later consolidated with a wrongful death action brought by Herman's widow.

After the verdict for the passenger Vaughn against both Evans and the taxi company, Herman's widow and the company both moved for partial summary judgment on their claims against Evans, as to the issue of liability. Their argument was that the

jury's verdict necessarily found Evans guilty of gross and wanton negligence, and it did not matter that it also convicted the taxi driver of simple negligence. The motion of Herman's widow was denied and is not at issue here, but the taxi company's motion was granted upon the doctrine of collateral estoppel. Evans has appealed.

The main thrust of appellant's argument is that collateral estoppel is inappropriate because the jury verdict did not adjudicate the question of possible contributory negligence by the taxi driver Herman. The appellee, on the other hand, treats the case as a summary judgment problem, arguing that since the first case established gross and wanton negligence by Evans, only gross and wanton contributory negligence can defeat recovery, citing *Bogle v. Conway*, 198 Kan. 166, 422 P. 2d 971. Under that theory Herman's simple contributory negligence, as pleaded by Evans, is insufficient, and the case was ripe for summary judgment.

The trouble with this theory, apparently adopted by the trial court, is that it presupposes that the prior finding in favor of Vaughn against Evans works a collateral estoppel in favor of the taxi company against Evans. We do not believe it does.

Collateral estoppel is defined as "a bar in an action upon a different claim as to certain matters in issue which were determined in a former judgment." (*Penachio v. Walker*, 207 Kan. 54, 57, 483 P. 2d 1119.) It is closely related to *res judicata*, the distinction being pointed out in *Goetz v. Board of Trustees*, 203 Kan. 340, 454 P. 2d 481, Syl. para 6:

"The doctrine of collateral estoppel is different from the doctrine of *res judicata*. Instead of preventing a second assertion of the *same claim* or cause of action, the doctrine of collateral estoppel prevents a second litigation of the *same issues between the same parties* or their privies even in connection with a different claim or cause of action." (Emphasis added.)

We are thus looking for "issues" which have been litigated "between the same parties." Put another way:

"The doctrine of collateral estoppel may be invoked as a bar to litigating an issue when the following is shown (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity therein and (3) the issue litigated must have been determined and necessary to support the judgment. [Citations omitted.]" (*Bud Jennings Carpets & Draperies, Inc. v. Greenhouse*, 210 Kan. 92, 96, 499 P. 2d 1096.)

See also, *Neville v. Hennigh*, 214 Kan. 681, 522 P. 2d 443.

Here the issue of the relative negligence of the two drivers was

not raised by any pleadings which were being tried *between* Williams and Evans. While it is true both co-defendants by answer alleged that the accident was the fault of the other, such statements were mere denials of plaintiff's claim and did not amount to assertions of claims against each other. The issue of liability between them was thus not before the jury at the trial. "The trial court has jurisdiction to decide only such issues as are raised by the pleadings . . ." (*Bowen, Administrator v. Lewis,* 198 Kan. 605, 612, 426 P. 2d 238.) The issue, therefore, cannot be deemed adjudicated for purposes of collateral estoppel. As this court has stated:

". . . The true rule, now well established, is that where a second action between the same parties is upon a different claim or demand the judgment in the prior action operates as an estoppel only as to those matters in issue upon the determination of which the finding was made or the judgment rendered, and does not extend to matters which might have been, but were not, litigated and determined in the former action." (*Stroup v. Pepper,* 69 Kan. 241, 245, 76 Pac. 825.)

By that standard the question of negligence as between the co-defendants was not "necessary" to the first judgment, which went only to their respective liability to the plaintiff passenger.

This case is virtually controlled by *Mickadeit v. Kansas Power and Light Co.,* 174 Kan. 484, 257 P. 2d 156, not cited by the parties. In that case KP&L asserted the defense of *res judicata,* based on an earlier case in which one Dorssom had sued both Mickadeit and the power company alleging joint liability for an auto accident. KP&L had asserted its innocence and alleged negligence on the part of both Dorssom and Mickadeit. Mickadeit had filed a counterclaim against Dorssom, but no cross-claim against KP&L.

In the second suit, in which Mickadeit sued KP&L, the power company argued that when Mickadeit filed his counterclaim against Dorssom he was required to litigate all matters arising out of the accident, including any claims against KP&L. This court agreed that the prior judgment was conclusive as to issues between the plaintiff (Dorssom) and defendant (Mickadeit) in the first suit, but rejected the argument as to issues between the co-defendants in the first suit, who were true adversaries for the first time in the second suit. The court quoted with approval from an annotation in 101 A. L. R. 104, 105:

"While the cases are not entirely in harmony, sometimes even in the same jurisdiction, the rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants

inter se in a subsequent action between them, *unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings,* and determined by the judgment in the first action." (Emphasis added.)

The court also cited annotations in 142 A. L. R. 727 and 23 A. L. R. 2d 710, and quoted with approval the encyclopedias (174 Kan. at 491):

"A judgment ordinarily settles nothing as to the relative rights and liabilities of the coplaintiffs or codefendants inter sese, unless their hostile or conflicting claims were actually brought in issue, litigated, and determined." (50 C. J. S., *Judgments,* § 819.)

"The general rule is that parties to a judgment are not bound by it in subsequent controversies between each other, where they are not adversaries in the action in which the judgment is rendered. This is true whether the judgment is rendered in favor of the plaintiff, or determines the issues in favor of the defendants. The rule applies to a fact which might have been, but was not, litigated in the original action. The theory of the many decisions supporting the general rule is that the judgment merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants as among themselves. It is also a general rule that a plaintiff is not concluded by the result of a litigation between two defendants in an action concerning a matter upon which the plaintiff's complaint tendered no issue." (30 Am. Jur., *Judgments,* § 233.)

The court goes on to discuss and quote from several cases from other jurisdictions before concluding that the action by Dorssom against Mickadeit and KP&L had no binding effect.

The annotation quoted in *Mickadeit* is supplemented in 24 A. L. R. 3d 318. Among the cases noted therein is *Pearlman v. Truppo,* 10 N. J. Misc. 477, 159 A. 623, which applies precisely the principle applicable here. There, in a prior action, a passenger in Pearlman's car had sued both Pearlman and Truppo. The plaintiff had received a judgment against Pearlman, but a nonsuit was entered in favor of the defendant Truppo. In the second case Truppo asserted *res judicata,* claiming that his lack of negligence was established by the prior judgment in his favor. The court, however, found the doctrine inapplicable.

"It is fundamental and universal that the former judgment proffered as *res adjudicata* in a subsequent suit must have been rendered in an action in which the parties to the subsequent suit were *adverse parties.* What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. *They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves, so that each*

*may have control of the proceedings to enable him to exhaust the question of liability inter sese. It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other* as such pleading only goes to answering the claim of the plaintiff and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other. [Citations omitted.]" (10 N. J. Misc. at 478-9. Emphasis added.)

The author of the later annotation also states a rationale for the general rule:

". . . [R]ecovery of a joint judgment by an automobile passenger against the host motorist and another motorist merely determines that the host motorist was guilty of negligence concerning his passenger, and not that he was guilty of negligence concerning the other motorist which, as a contributing cause, would bar his subsequent suit against the other motorist, it being possible that the host motorist did something or failed to do something in connection with a duty owed his passenger which was properly considered by the jury in the passenger's action against the host and the other motorist as being causative negligence toward the passenger and which concurred with the negligence of the other motorist, which act or omission could not properly be considered as causative negligence as between the host motorist and the other motorist in the subsequent action, and that the questions of contributory negligence and last clear chance are not germane to the issue of the codefendants to the passenger, but might be involved in the subsequent action between the codefendants." (24 A. L. R. 3d at 324-5.)

We therefore hold that the prior judgment against the co-defendants Evans and the taxi company does not activate the doctrine of collateral estoppel as to liability between the two defendants. This is so because the question of liability between them was not expressly put in issue in the prior case, but in fact that issue was expressly reserved by the severance of the cross-claims from the main action.

Since neither the alleged gross and wanton negligence nor the simple negligence of Evans is established as to Williams (the taxi company), and each is denied by Evans, the partial summary judgment on liability was premature. The judgment is therefore reversed and the case is remanded for further proceedings consistent with this opinion.

APPROVED BY THE COURT.