NOT DESIGNATED FOR PUBLICATION

No. 120,029

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CROSS BAR LAND COMPANY, LLC,
*Appellee*,

v.

JAMES M. BOW; BARBARA JEAN MULLINIX and BARRY WAYNE MULLINIX,
Trustees of the MULLINIX FAMILY TRUST Dated JUNE 18, 2014;
and
VIRGINIA BATES REVOCABLE LIVING TRUST,
by and through MARGARET NICKEL, Trustee, et al.,
*Appellants*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; CHARLES M. HART, judge. Opinion filed May 24, 2019. Affirmed.

*Karen K. McIlvain*, of McIlvain Law Office, LLC, of Madison, for appellants.

*Timothy E. McKee*, *Amy Fellows Cline*, and *Lisa L. Martin*, of Triplett Woolf Garretson, LLC, of Wichita, for appellee.

Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM: This case asks whether a deed to certain land conveyed the mineral estate underlying that land. The district court found that it did, so it granted summary judgment to Cross Bar Land Company, LLC (Cross Bar). We agree with that conclusion, although we rely on a different rationale than that used by the district court.

1

*Factual and procedural background*

In 1995, Virginia Bates entered into a contract to sell a portion of her land to Leon V. Mason. Bates and her husband executed a deed of their undivided 1/6 interest in the land to Mason. The deed conveyed:

> "[A]ll the following described REAL ESTATE in the County of Greenwood and the State of Kansas, to-wit:
> "An undivided one-sixth (1/6th) interest in and to the following described land, to-wit:
> "The South Half of the Southwest Quarter (S½ SW¼) of Section Twenty-three (23), Township Twenty-three (23) South, Range Ten (10) East of the Sixth Principal Meridian, Greenwood County, Kansas,
> "and
> "The West Half (W1/2) of Section Twenty-six (26), Township Twenty-three (23) South, Range Ten (10) East of the Sixth Principal Meridian, Greenwood County, Kansas.
> . . . .
> EXCEPT AND SUBJECT TO:  Easements and Restrictions of Record."

Also in 1995, Betty N. Bow (aka Elizabeth Nunnely Bow) and John C. Bow executed a deed of their undivided 1/6 interest in the same land to Mason. This deed mirrored the language of the Bates' deed. Both deeds were filed with the Greenwood County Register of Deeds in early 1996.

Neither deed specifically mentioned or reserved any interest in oil, gas, or other mineral rights. Their sole exception was for easements and restrictions of record. But for the next 21 years after the Bates and Bow families conveyed their interests through the 1995 deeds, the Bates, the Bows, Mason, and their relevant heirs continued to receive oil royalties related to that land, as they had before the 1995 conveyances.

In 2005, Mason conveyed his interest in that same land to Harold W. Short and Katherine J. Short. The deed, filed with the county, conveyed "all the following described REAL ESTATE," then stated the legal description of the land. As exceptions, it stated:

"EXCEPT AND SUBJECT TO: Easements, restrictions and assessments of record, and all the taxes and assessments that may be levied, Imposed or become payable hereafter."

Then in 2010, the Shorts conveyed their interest in the same land to Cross Bar. The general warranty deed in 2010 described the property conveyed as:

"[A]ll the following REAL ESTATE in the County of GREENWOOD, and the State of Kansas, to-wit:
"Tract 1
"The South Half of the Southwest Quarter of Section 23, Township 23 South, Range 10 East of the 6th [Principal Meridian], Greenwood County, Kansas
"Tract 2
"The West Half of Section 26, Township 23 South, Range 10 East of the 6th[Prime Meridian], Greenwood County, Kansas."

The deed did not specifically mention or reserve an interest in oil, gas, or other mineral rights. Its exceptions were identical to those stated in the 2005 deed, as quoted above.

In 2015, the district court decided a different case between the same parties. In that case, Cross Bar petitioned the district court to "quiet title and partition the minerals underlying the Southwest Quarter (SW/4) of Section 26, Township 23 South, Range 10 East of the 6th Principal Meridian, Greenwood County, Kansas." The heirs of the Bow and Bates families (Appellants) moved to determine the nature and extent of their mineral interests in the property, arguing that they held a combined 1/12th interest in the minerals. The district court, examining the same 1995 warranty deeds at issue here, determined that Cross Bar was entitled to quiet title because the Appellants' warranty

deeds did not include an express exclusion or retention of the mineral interests. The court found no need to look to parol evidence, such as the contract underlying the deeds, because the deeds were unambiguous. No appeal was taken from that 2015 case.

In 2017, Cross Bar filed the petition to quiet title that gives rise to this appeal. It sought to quiet title to "all the surface and all the oil, gas, and other minerals" previously held by Bow and Bates conveyed in the 1995 warranty deeds. Cross Bar eventually moved for summary judgment, arguing that the 2015 decision resulted in issue preclusion. Alternatively, it argued that summary judgment was warranted under K.S.A. 58-2202 and the doctrine of merger. Appellants responded that the 1995 general warranty deeds did not convey the minerals rights of the transferred properties and that the district court had to consider the real estate purchase contract, the closing statement, and other parol evidence to determine the intent of the Bow and Bates families in conveying the property to Mason.

Ultimately, the district court granted summary judgment in favor of Cross Bar. First, the district court found that the Appellants no longer had an interest in the oil, gas or mineral interest of the estate, "because there was no express exclusion or retention of the mineral interests," in the deeds as required under K.S.A. 58-2202. That long-standing statute provides that "every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant." K.S.A. 58-2202. See *Fast v. Fast*, 209 Kan. 24, Syl. ¶ 2, 496 P.2d 171 (1972) (unless a contrary intention clearly appears from the grant, a deed which describes the land conveyed in accordance with the government survey conveys the underlying minerals owned by the grantor, even though a separate estate in such minerals has previously been created; if an undivided interest is conveyed by such a deed, an identical undivided interest in the underlying minerals is also conveyed, at least to the extent of the grantor's interest in such minerals). Then, the court found that there was no need to look to evidence outside the two 1995 general warranty

4

deeds because the deeds were unambiguous and required no further evidence to interpret their meaning. See *Stone v. U.S.D. No. 222*, 278 Kan. 166, 180, 91 P.3d 1194 (2004) (holding when the language of an instrument is unambiguous, courts are not to use parol evidence for interpretation). Finally, the court found that the doctrine of merger applied so the real estate purchase contract and the closing statement merged with the 1995 general warranty deeds. See *McGinty v. Hoosier*, 291 Kan. 224, 243, 239 P.3d 843 (2010) (finding "if an agreement provides for a mineral reservation, but the deed contains no provision for a mineral reservation, the inference is that the agreement for a mineral reservation 'was waived and superseded by the deed'"). The district court thus quieted title in favor of Cross Bar to all the surface and mineral interests. Appellants timely appealed.

Appellants assert that the district court erred in granting summary judgment because a genuine issue of material fact remained about whether use of the word "land" and the description of the conveying parties' 1/6th interest in the 1995 general warranty deeds created an ambiguity that required consideration of parol evidence. Documents outside the 1995 general warranty deeds may show that the Appellants did not intend to convey the mineral estate underlying the land. Cross Bar responded, among other issues, that the Appellants are collaterally estopped from raising this issue because it was decided adversely to them in the 2015 case. Appellants have not replied to that assertion. We must address this issue first.

*Collateral estoppel*

Cross Bar raised collateral estoppel to the district court, thus preserving the issue for our review. Whether the doctrine of collateral estoppel—issue preclusion—applies is a question of law subject to de novo review. *Venters v. Sellers*, 293 Kan. 87, 93, 261 P.3d 538 (2011).

5

"When a different claim for relief is filed between the same parties a collateral estoppel may be invoked as to questions and issues shown to have been actually decided in the prior action." *Weaver v. Frazee*, 219 Kan. 42, Syl. ¶ 9, 547 P.2d 1005 (1976). The doctrine of collateral estoppel is premised on the principles of judicial economy and fairness. Treating adjudicated facts as established "protect[s] litigants from the burden of relitigating an identical issue with the same party or his privy and . . . promot[es] judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).

"Collateral estoppel or issue preclusion binds a party to a factual determination made in a case as an integral part of a judgment when the same issue comes up in a successive suit involving the same litigants. *In re Tax Appeal of City of Wichita,* 277 Kan. 487, 506, 86 P.3d 513 (2004); *Hawkinson v. Bennett,* 265 Kan. 564, 589, 962 P.2d 445 (1998) (There must be a prior judgment on the merits between the parties or those in privity with them, and '"the issue . . . must have been determined and necessary to support the judgment."') (quoting *Jackson Trak Group,* 242 Kan. at 690-91). The doctrine furthers substantially the same goals as res judicata in promoting judicial efficiency and preventing unfairness to an opposing party. Collateral estoppel essentially recognizes that once a court has determined a material factual issue, a party may not secure a new determination contrary to that finding in later litigation." *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 265-66, 261 P.3d 943 (2011).

Three elements are required for collateral estoppel to apply:

"Collateral estoppel applies where (1) a prior judgment has been rendered on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties are the same or in privity, and (3) the issue litigated has been determined and is necessary to support the judgment." *In re Tax Appeal of City of Wichita*, 277 Kan. 487, Syl. ¶ 3, 86 P.3d 513 (2004).

6

The second and third elements are easily met here. It is undisputed that the parties in the 2015 case are the same as the parties in this appeal. And the issue of whether the 1995 deeds reserved a mineral estate was determined on the merits and was necessary to support the district court's decision in that case.

The first element requires more discussion. It is uncontested that a prior judgment was rendered on the merits which determined the rights and liabilities of the parties, but was that judgment on the same issue based on ultimate facts as disclosed by the pleadings and judgment? A factual difference exists between these two cases. This suit involves some land not included in the 2015 quiet title action—the southern half of the southwest quarter of Section 23 of the land described in the 1995 deeds. The 2015 case related solely to Section 26. And the 2015 suit was to "quiet title and partition the minerals" underlying the western half of Section 26, while this suit seeks to quiet title to "all the surface and all the oil, gas, and other minerals" previously held by Appellants, conveyed in the 1995 warranty deeds.

But these factual differences prevent only the application of res judicata. See *In re Estate of Beason*, 248 Kan. 803, 813, 811 P.2d 848 (1991) (finding res judicata prevents relitigation of the same claims and requires identity of the cause of action). "The doctrine of collateral estoppel is different from the doctrine of res judicata. Instead of preventing a second assertion of the same claim or cause of action, the doctrine of collateral estoppel prevents a second litigation of the same issues between the same parties or their privies even in connection with a different claim or cause of action." *Williams v. Evans*, 220 Kan. 394, Syl. ¶ 1, 552 P.2d 876 (1976). The factual difference between the two cases does not preclude application of collateral estoppel, which necessarily involves a different claim or cause of action. See *In re Tax Appeal of Fleet*, 293 Kan. 768, 778, 272 P.3d 583 (2012) ("Issue preclusion prevents a second litigation of the same issue between the same parties, even when raised in a different claim or cause of action."). Collateral estoppel does not require that the prior and present proceedings have the same purpose,

7

nor does it mandate that the statutes on which the proceedings are based have the same goals.

Here, the same type of proceeding is involved—both the 2015 case and this one are quiet title actions. See *In re Care & Treatment of Easterberg*, 309 Kan. 490, 503, 437 P.3d 964 (2019) (suggesting collateral estoppel may not apply when the two proceedings "are not of a like quality and extensiveness"). The same burden of proof is required in this case as in the earlier one. And the same evidence—the deeds—will sustain both the present and the former action. No different proof is required now for Cross Bar to show Appellants no longer have an interest in the oil, gas, or mineral interests of the estate conveyed in the 1995 deeds than was required for them to show the same facts in the 2015 case. Thus, the same ultimate issue presented here was involved and necessarily determined in the prior proceeding. See, e.g., *CHFA—Small Properties, Inc. v. Elazazy*, 157 Conn. App. 1, 12, 116 A.3d 814 (2015) (finding that the claims regarding title to the property had previously been adjudicated in a foreclosure action and collateral estoppel barred their relitigation in a later quiet title action); *Jordan v. LSF8 Master Participation Trust*, 300 Neb. 523, 542-43, 915 N.W.2d 399 (2018); *Bugbee v. Bennett*, No. 321715, 2015 WL 6087190, at *3 (Mich. Ct. App. 2015) (unpublished opinion) (finding that because the deed's validity was fully and fairly litigated, and actually decided in an action between the same parties which resulted in a valid and final judgment, collateral estoppel precludes defendant from once again trying to establish ownership of the property through that same deed).

Appellants raise claims of ambiguity of the 1995 deeds, the inadmissibility of parol evidence, the inapplicability of the merger doctrine, and equitable theories of estoppel, waiver, and laches. But they had the opportunity to fully and fairly litigate each of these claims or defenses in the 2015 case, which asked whether the 1995 general warranty deeds reserved any mineral estate or instead conveyed to Cross Bar all rights in

the land described in the deeds. Those issues were just as relevant to the 2015 case as they are in this one.

Appellants could have appealed the district court's decision in the 2015 case but did not do so. Because the requirements for the application of collateral estoppel have been satisfied, we will not permit Appellants to relitigate whether the 1995 deeds conveyed the mineral estate to the land described in the deeds.

We affirm the order of summary judgment on the grounds of issue preclusion, so we need not explain why we also believe the court was correct in ordering summary judgment for the alternative reasons on which it relied. See *State v. May*, 293 Kan. 858, 869-70, 269 P.3d 1260 (2012) (holding the trial court's reason for ruling is immaterial if it is correct for any reason).

Affirmed.